By the Court.
 

 On December 6, 1927, the Public Utilities Commission of Ohio granted to plaintiffs in error certificate of public convenience and necessity No. 2780, which certificate authorized the plaintiffs in error to operate a bus line with unrestricted service between Alliance, Ohio, and Sebring, Ohio. On
 
 *511
 
 April 13,1928, the Public Utilities Commission modified its order so as to restrict the operations of plaintiffs in error to the service of the persons residing or being upon Patterson avenue, into and out of both Alliance and Sebring, and to the service of persons in both Sebring and Alliance to points along Patterson avenue, but not to include a service from points in either village to points in the other village.
 

 On December 11,1928, upon complaint of the Stark Electric Railway Company, the Public Utilities Commission made the following finding and order:
 

 “This day, after full hearing, due notice of the time and place of which was given to all parties in interest, there came on for consideration the complaint of the Stark Electric Railroad Company v. Q-. A. Oyster and W. A. Watson, doing business as Sebring-Alliance Bus Line, with principal office at Sebring, Ohio, asking the revocation of certificate conditioned that no through passengers shall be handled in either direction, authorizes the maintenance and operation of a motor bus operation upon a regular route whereof Alliance and Sebring, Ohio, are the fixed termini, and the representations of the defendants in response to a citation that they appear ,and show cause, if any there be, why said certificate of public convenience and necessity No. 2780 should not be revoked.
 

 “As ground for asking such action the complainant, which owns and operates an electric interurban line extending, in part, between Sebring and Alliance, alleges that the defendants have been and are guilty of continuous disregard and violation of the provision imposed upon such operation, i. e., the prohibition of the handling of through passengers.
 

 
 *512
 
 “This offense, the complainant further contends, is so aggravated that only the imposition of the extreme penalty will suffice.
 

 * ‘ This being the final development in an extremely confused situation, the commission believes a brief resume of the facts should be set forth.
 

 “On September 11, 1923, G. A. Oyster filed with the commission an affidavit stating that he was a member of the Sebring-Alliance Bus Line which was operating in good faith between Alliance and Sebring on April 28, 1923, upon which the commission, on March 5, 1924, granted a certificate of public convenience and necessity (No. 579).
 

 “On September 29, 1927, upon showing of misrepresentation certificate No. 579 was ordered revoked by the commission.
 

 “Such action of the commission was affirmed by the Supreme Court of Ohio and an attempt to secure a reversal of that action by the Supreme Court of the United States unsuccessful.
 

 “On December 5, 1927, upon application (which was protested by the complainant herein) a new certificate, No. 2780, granted to the defendants (G. A. Oyster and "W. A. Watson) authorizing the maintenance of a bus line over the Sebring-Alliance route.
 

 ‘ ‘ On April 30, 1928, in pursuance to a mandate of the Supreme Court of Ohio reversing, in part, the last mentioned order of the commission, such certificate No. 2780 amended by the inclusion of a condition which prohibited the carrying of through passengers in either direction between the two termini, i. e., Alliance and Sebring. And
 

 ‘
 
 ‘
 
 On October 23, 1928, a further order by the com
 
 *513
 
 mission which, in view of the decisions of the Supreme Court of the United States and of the State of Ohio, notified the defendants to cease any attempt to carry through passengers on this route for the reason that certificate No. 579, which alone could have authorized such service, was revoked and cancelled.
 

 “The complaint herein was filed November 16, 1928, and upon statutory notice, hearing assigned for December 11,1928, when appearance was entered by both parties.
 

 “A voluminous record was taken.
 

 ‘ ‘ There is no conflict in the evidence. It is alleged and admitted that passengers are regularly and continuously carried between the termini of the route — a violation of a condition imposed, in the first instance, by the Supreme Court of Ohio. The defendants ’ only attempt at explanation of extenuation is that, notwithstanding due notice, the public will ride.
 

 “We are loath to impose the extreme penalty, but there is no alternative. Not only have orders been issued but warnings given and the defendants respond with a plea of their inability to conduct their business in conformity to the law and orders of the Supreme Court and this commission.
 

 “Therefore, the commission, following
 
 Miami Valley Transit Co.
 
 v.
 
 Public Utilities Commission of
 
 Ohio, 117 Ohio St., 311, 158 N. E., 591 (Ohio Law Reporter, Dec. 5, 1927, page 144), does find
 

 “That the defendants have regularly and frequently violated conditions of certificate of public convenience and necessity No. 2780 and the order of this commission, and
 

 ‘ ‘ That, because of such violations, said certificate
 
 *514
 
 of public convenience and necessity No. 2780 should be revoked.
 

 “It is therefore
 

 “Ordered, that certificate of public convenience and necessity No. 2780 be, and hereby the same is revoked, cancelled and held for naught, and the said Gr. A. Oyster and W. A. Watson, doing business as Sebring-Alliance Bus Line, be, and hereby they are notified, directed and required forthwith to cease furnishing, or attempting to furnish, any motor transportation company service upon and over the regular route set forth in said certificate, or any part thereof.”
 

 Section 614-87, Q-eneral Code, provides: “The commission may at any time for a good cause suspend, and upon at least five days’ notice to the grantee of any certificate and an opportunity to be heard, revoke, alter or amend any certificate issued under the provisions of this chapter.”
 

 The record discloses that the plaintiffs in error were dissatisfied with the judgment of this court and the order of the Public Utilities Commission, and defiantly and contemptuously ignored such judgment and such order. The record required of the Public Utilities Commission an order revoking the certificate. The order is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones and Allen, JJ., concur.