PUBLIC UTILITIES COMMISSION OF OHIO *v.* SEBRING-
ALLIANCE BUS LINE.

(Decided November 8, 1929.)

*Mr. Thomas J. Herbert* and *Mr. Curtis M. Shetler,*
for plaintiff in error.

*Mr. Donald W. Seiple* and *Mr. John W. Bricker,*
for defendant in error.

SHERICK, J.   This is an error proceeding from the
court of common pleas of Mahoning county wherein
the plaintiff in error was plaintiff and the defend-
ant in error was defendant.   The relief sought
by the Public Utilities Commission is that the de-
fendant bus company may be enjoined from the op-
eration of carrying passengers and property from
the village of Sebring, in Mahoning county, to the
city of Alliance in Stark county, and *vice versa,* until

it shall have received from the Utilities Commission
a certificate declaring that public convenience and
necessity require such operation.

The cause was submitted to the trial court upon
the pleadings and an agreed statement of facts; the
result thereof being a dissolution of the temporary
restraining order thereinbefore made, and the dis-
missal of the petition. Motion for a new trial was
interposed and overruled, and final judgment en-
tered. The agreed statement of facts is as follows:

"The defendants were originally granted a cer-
tificate of convenience and necessity for a bus op-
eration between Sebring and Alliance, that certi-
ficate being granted on affidavit. Subsequently on
the complaint of the Stark Electric Railroad Com-
pany this certificate was revoked, which revocation
was affirmed by the Supreme Court of Ohio in a de-
cision recorded in 118 Ohio St., 234, 160 N. E., 701.

"Immediately thereafter an application was filed
by the same parties for a new certificate of conveni-
ence and necessity over this same route. This ap-
plication was duly heard by the Public Utilities
Commission of Ohio and the application was granted
as prayed for, giving the Sebring Bus Line the same
operation they had prior to the revocation of their
certificate by the Commission. Error was prose-
cuted to this order of the Commission by the Stark
Electric Railroad Company and the Supreme Court
modified its order restricting the operation, saying
that no passengers could be hauled from within
either municipality to within the other municipality,
the operation to consist of a haul from within the
limits of one municipality to the corporate limits
only of the other municipality, or from intervening

territory lying between the two municipalities into either municipality. See 118 Ohio St., page 234, 160 N. E., 701.

"Subsequently to this decision complaint was made against the defendants for violating the terms of the certificate granted them by the Commission, as modified by the Supreme Court, and on hearing the Commission revoked this last certificate covering restricted operation, which revocation was affirmed by the Supreme Court, 120 Ohio St., page 510, 166 N. E., 578.

"Thereupon the Sebring-Alliance Bus Line secured from the Village of Sebring, to [and] the City of Alliance franchises for operations within the corporate limits of each municipality, copies of which franchises are attached hereto and made a part hereof. The operation now conducted by the defendants and complained of herein by the plaintiff consists of picking up passengers anywhere within the corporate limits of either municipality, commencing from the terminal points in each, charging five cents per passenger within the municipality wherein such passenger boarded the bus conducting a free haul in the territory between the municipalities, and charging an additional five cents to each passenger who has ridden from the one municipality to the other at the time that such passenger alights from the bus."

The Commission contends that the trial court erred in its application of the law upon the agreed facts, and that the injunction should have been made permanent.

The sole question, therefore, before this court is: Does the operation and the manner thereof of the

bus line by the defendant make it a motor transportation company under the provisions of Section 614-84 of the General Code of Ohio, so as to subject it to the regulation and control of the Utilities Commission?

It will be noted from the statute indicated that a "motor transportation company" means any one operating a motor vehicle used for the transportation of persons or property as a common carrier for hire for the public in general over any public highway in the state; the section expressly excludes therefrom any person operating a motor vehicle used for transporting persons or property exclusively within the territorial limits of a municipal corporation, or within the territorial limits of municipal corporations immediately contiguous to each other. The statute further provides that the term "public highway" means any public street or road whether within or without the corporate limits of a municipality.

An examination of paragraph 5 of the agreed facts discloses that the defendant admits that it is operating a motor vehicle and transporting for a consideration the public in general over the public highways within, without, and between the municipalities of Alliance and Sebring, and that said municipal corporations are not contiguous. This the defendant is doing without having first obtained a certificate therefor.

Despite these admitted facts, the defendant asserts that it is not a motor transportation company, and not amenable to the rules and regulations of the Utilities Commission and within the meaning of the law, for the reason that it is operating under

and by virtue of the authority of the ordinances of these two municipal corporations, and does not transport its passengers from one city into the other, but only to the corporate limits of the other, and from there on into the second municipality for an additional consideration if the passenger desires. In other words, it makes no charge for its haul for the three or four miles between the corporate limits of these municipalities. The plain provisions of Section 614-86 of the Motor Transportation Act definitely shatter the first part of the defendant's contention, for it is therein provided that the commission is vested with power and authority to supervise and regulate motor transportation companies to the exclusion of all local authorities. This, the facts disclose, the defendant has twice previously recognized, but now denies.

It is clear and apparent to this court that the defendant's present plan of operation is but a subterfuge and scheme to avoid the control of the Utilities Commission, and is for the sole purpose of defiantly and contemptuously ignoring and voiding the orders of the Public Utilities Commission and of the Supreme Court of the State of Ohio previously made in the litigation growing out of the operation of this bus line. We believe we are fully supported in this view by *Oyster* v. *Public Utilities Commission,* 120 Ohio St., 510, 166 N. E., 578; *Salisbury Transportation Co.* v. *Public Utilities Commission,* 117 Ohio St., 606, 159 N. E., 474, and *Coney Island Motor Bus Co.* v. *Public Utilities Commission,* 115 Ohio St., 47, 152 N. E., 25. It further seems to this court to be reasonable and just that it not only consider the equities of the defendant, and the pub-

lic in general, but that it is proper to consider the equities of the competing company that is objecting to the action of the defendant in its wrongful operation of this bus line. Its investments and property are rights sacred and deserving of the protection of this court.

For the reasons indicated the judgment and finding of the court below are hereby reversed, and this court coming now to render the judgment herein that the trial court should have rendered—and remembering that it here sits as a court of equity, and that equity follows the law and does not wantonly supersede it—renders final judgment in favor of the plaintiff in error, and the defendant in error is permanently enjoined and prohibited from operating its bus line between the municipalities of Alliance and Sebring, as prayed for in the plaintiff's petition, until such time as it may be duly authorized by the plaintiff in error so to do, and judgment is entered against the defendant in error for the costs of this action.

*Judgment for plaintiff in error.*

POLLOCK and FARR, JJ., concur.

SHERICK, J., of the Fifth Appellate District, sitting in place of ROBERTS, J., of the Seventh Appellate District.