MISSISSIPPI R. COMMISSION *v.* MOBILE & O. R. Co. ET AL.

[78 South. 153, Division A.]

RAILROADS. *Railroad commission. Review. Decree of chancellor.*

Where the railroad commission acting under Code 1906, section 4864 (Hemingway's Code, section 7649), on the petition of citizens, made an order requiring three railroads to build a union depot in a city, the decree of the chancellor enjoining the com-

mission from enforcing such order, is on appeal, to be·given the same force and effect as other decrees of chancellors in other cases, notwithstanding section 4836, Code 1906, providing that the findings of the railroad commission shall be received in all courts as *prima-facie* evidence that such determination was right and proper.

Appeal from the chancery court of Hinds county. Hon. O. B. Taylor, Chancellor.

Suit by the Mobile & Ohio Railroad Company and others against the Mississippi Railroad Commission. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*Ross A. Collins,* attorney-general, for appellant.

*Carl Fox* and *S. R. Prince,* for appellee.

Sykes, J., delivered the opinion of the court.

The Railroad Commission of Mississippi prosecutes this appeal from a final decree of the chancery court of Hinds county annulling and perpetually enjoining the commission from the enforcement of three orders of the apppellant, which, in brief, required the three appellee railroad companies to build a union station in the city of West Point.

The Railroad Commission, upon the petition of a number of citizens of the city of West Point and after hearing testimony, under section 4864, Code of 1906 (section 7649, Hemingway's Code), and a personal examination of existing conditions, ordered the erection of a union passenger depot. This section provides, among other things, that whenever the public convenience may require, the commission shall cause union passenger depots to be erected. The appellee railroad companies, in their bill and supplemental bills, alleged that they had each adequate depot facilities, conveniently located for the citizens and the traveling public, all near each

other and near the business portion of the town; that there was no location suitable or convenient for the erection of the union passenger depot, except at an unreasonable cost to the railroad companies. It was averred that the order of the commission was unreasonable; also that two of the railroad companies, on account of war conditions, were financially unable to comply with the orders of the commission. A great deal of testimony was taken in the lower court, and it is sufficient to say that there was ample testimony to sustain the decree of the chancellor; in fact, the attorney general in his brief states that ''voluminous testimony has been taken in the case, and it is conflicting in its nature as to the necessity, convenience, and advantages of a union depot in the said city.''

The contention is made by the attorney general in this case, just as it was made in the case of *Railroad Commission* v. *Mobile & Ohio Railroad Co.,* 115 Miss. 101, 75 So. 778, that this court, in reviewing the decision of the chancellor, should not give it the same weight and consideration on its findings of fact that it does in ordinary cases, but that this court should view the case just as did the lower court, and give to the order of the commission the weight it is entitled to under section 4836, Code of 1906 (section 7621, Hemingway's Code). In the case above mentioned we expressly held that the decree of the chancellor in a case of this kind is to be given the same force and effect as other decrees of the lower court. Section 4836 provides that the findings of the Railroad Commission ''shall be received in all courts . . . as *prima-facie* evidence that such determination was right and proper.'' It is contended by the appellant that the chancellor failed to observe this section of the Code. There is nothing in the record, however, from which this inference may be drawn. On the contrary, we presume that the chancellor was entirely familiar with this section of the Code, and gave

it due consideration in his findings of fact. This case, in its legal aspects, is similar to the case of *Railroad Commission* v. *Mobile & Ohio R. Co.*, *supra*, and the decree of the lower court is affirmed.

*Affirmed.*