By the Court.
 

 The plaintiff in error brought an action against the defendant in error to restrain, by injunction, the erection of an open air gasoline tank, of about 15,000 gallons capacity, near to the residence property of plaintiff in error in Findlay. The trial court found that the erection of the tank as contemplated would violate certain rules that had
 
 *140
 
 been promulgated by tbe state fire marshal, and issued an order restraining the erection of the tank until the defendant made the erection to conform to the rules of the fire marshal. Thereupon the defendant changed the location of the tank, and otherwise modified the construction, so as to conform to the rules and regulations of the state fire marshal in all respects. While these 'changes were being made, the city council attempted to pass an emergency ordinance embracing such gasoline tanks thereafter to be erected, but in no way attempting to regulate several other similar open aik gasoline tanks that were then in daily operation in Findlay, in a manner clearly prohibited by the terms of the emergency ordinance, so far as tanks thereafter constructed were concerned. The injunction was made perpetual. The Court of Appeals, on appeal, found the issues in favor of the defendant, held the emergency ordinance to be invalid and of no effect, dissolved the injunction, and remanded the case to the Common Pleas Court to carry the judgment into effect.
 

 The journal entry in the Court of Appeals recites:
 

 “This cause came on to be heard in this court upon appeal from the Common Pleas Court of Hancock county upon the issues joined by the pleadings therein, viz., the petition and supplemental petition of the plaintiff, the answer to the supplemental petition and the amendment to the answer of the supplemental petition allowed by this court, and the reply thereto, and upon the agreed statement of facts filed in the cause by said parties and submitted to the court in lieu of oral and other evidence. ’ ’
 

 Paragraph 6 of the agreed statement of facts recites certain evidence with respect to the regularity
 
 *141
 
 of the enactment of the ordinance, which was given in the trial court, and paragraph 8 of the agreed statement of facts recites that evidence, offered in another case of a different number, was offered in evidence in the trial of this case, by agreement of parties, and then proceeds to recite a portion of that evidence.
 

 It is difficult, indeed, to say just what was submitted as evidence in the Court of Appeals; but there is nothing uncertain about what the Court of Appeals found and determined upon the matters that weré submitted to that court. In this respect, the journal entry, immediately following the portion above quoted, recites:
 

 ■ “And the court upon due consideration thereof, and having heard the argument of counsel of the respective parties, and coming now to the matter of determination of the issues of said cause, finds upon the issues joined for the defendant, Wm. E. Gorrell, and against the plaintiff, Charles F. Adams, and that .the ordinance of the city of Findlay, bearing date of passage May 17, 1927, copy of which is attached to the said supplemental petition, is invalid and without force and effect. ’ ’
 

 And, so finding, the Court of Appeals rendered its decision, as stated.
 

 The record discloses ample evidence to sustain the conclusions of the Appellate Court.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Bobinson, Jones and Matthias, JJ., concur.'