DIXIE GREYHOUND LINES, INC., *v.* MISSISSIPPI RAILROAD
COMMISSION.

(Division B. Sept. 30, 1935.)

[163 So. 443. Nos. 31814, 31814½.]

(1)

Chandler, Shepherd, Owen & Heiskell, of Memphis, and Watkins & Eager, of Jackson, for appellant.

Harry M. Bryan, of Jackson, and E. R. Holmes, Jr., Assistant Attorney-General, for appellee.

Argued orally by **W. H. Watkins, Sr.,** for appellant, and by **Harry M. Bryan,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, Dixie Greyhound Lines, Inc., made application to the state Railroad Commission to recognize its claimed franchise right to operate on U. S. highway No. 80, between Jackson and Vicksburg, one round-trip passenger bus schedule per day. The Motor Transportation Company, an interested corporation, was given notice of the application and appeared and resisted the order sought by the Dixie company. There was a hearing on the pleadings and the evidence. The Railroad Commission denied the Dixie company's application. From that order the Dixie company undertook to appeal to the circuit court by certiorari and also under section 7125, Code 1930. There is a separate record embodying each

appeal. A stenographic transcript of the evidence before the Railroad Commission was made a part of the record. The circuit court dismissed the appeal taken under section 7125, and in the certiorari case held that the action of the Railroad Commission was not judicial, but legislative, and affirmed the order of the commission. From that action of the circuit court appeals are prosecuted to this court.

The Pickwick Greyhound Lines, Inc., is the predecessor in title of the Dixie Greyhound Lines, the latter acquired the franchise and all the rights thereunder owned by the Pickwick company for passenger transportation between Jackson and Vicksburg. In August, 1929, the Motor Transportation Company and the Pickwick company were each owners of a franchise acquired from the Railroad Commission to operate four passenger bus schedules each way per day between Jackson and Vicksburg. There was litigation between those companies as to their respective rights under their franchises. Both companies recognized that eight schedules per day each way were more than the public convenience and necessity required; that four schedules each way per day were ample. In November, 1929, they entered into a contract by the terms of which the Motor Transportation Company was to operate three of the schedules of its selection and the Pickwick company the other. In September, 1930, the Pickwick company leased, with the approval of the Railroad Commission, its one schedule per day to the Motor Transportation Company. This lease contract was continued in force until October 10, 1932. On March 1, 1932, the franchise rights of the Pickwick company were acquired by the Dixie company with the approval of the Railroad Commission. The Dixie company, on the 10th of October, 1932, undertook to cancel, as it claimed it had the right to do, the lease to the Motor Transportation Company of the one-

trip schedule and have it restored to it. The Motor
Transportation Company answered the application, deny-
ing the Dixie company's right, and asking that its one
schedule per day each way be canceled for certain rea-
sons set out. The Railroad Commission found as a fact
that the public convenience and necessity were fully
met by four schedules each way per day being operated
by the Motor Transportation Company, and therefore
denied the Dixie company's claim to operate an addi-
tional schedule. In its order, however, the Railroad
Commission refused to cancel any right the Dixie com-
pany had against the Motor Transportation Company.

We pass the question whether, under section 7125,
Code 1930, the Dixie company had the right of appeal
and bring up as a part of the record the evidence be-
fore the Railroad Commission. We also pass the ques-
tion whether the evidence before the Railroad Commis-
sion is properly a part of the record on appeal by cer-
tiorari. We go directly to the question whether or not
under the pleadings and the evidence the action of the
Railroad Commission is reviewable on appeal. The de-
termination of that question depends on whether or not
the proceedings before, and the order of, the Railroad
Commission are judicial in their nature or legislative and
administrative, if the latter, the appeal must fail. That
they were legislative and administrative, and not ju-
dicial, we think is settled by numerous decisions of the
courts of this country, including our own. The question
was gone over again in Cumberland Telephone & Tele-
graph Company v. State, 135 Miss. 835, 100 So. 378,
379. In that case the fixing of telephone rates by the
Railroad Commission was involved. The court held that
the fixing of the rates was legislative and administrative
and not judicial; that such action "was not a judicial
decision of a present or past fact in controversy and
demanding adjudication;" on the contrary, that it was

laying down a rule of action for the future, therefore it was legislation. The powers of the Railroad Commission with reference to this subject are covered by sections 7119 to 7129, inclusive, Code 1930. They are large and complete. In fact, if there is any difference, the commission is given larger powers over transportation by motor vehicles than by railroad. The Railroad Commission is not only authorized to fix rates and schedules, but change and revoke the same. We are unable to see any judicial question here.

The Dixie company argues that the action of the Railroad Commission deprived it of its franchise, which is a property right, without due process. There is no merit in this contention. If the Dixie company has been deprived of any franchise right, it was not by the Railroad Commission, but by the Motor Transportation Company, for which it has remedy in the courts.

Affirmed.