## KEEL v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8523.

Court of Civil Appeals of Texas. Austin.

June 2, 1937.

Rehearing Denied June 23, 1937.

Felts, Wheeler & Wheeler, of Austin, for appellant.

Wm. McCraw, Atty. Gen., and Curtis E. Hill and Geo. P. Kirkpatrick, Asst. Attys. Gen., for appellees.

BLAIR, Justice.

This appeal is from the final judgment of the Ninety-Eighth district court sustaining an order of the Railroad Commission denying appellant, W. B. Keel, a permit to operate certain motortrucks over the highways of Texas as a contract carrier for hire. The order of the commission was attacked in the trial court and is here attacked upon two grounds, as follows:

1. Because appellant was not afforded a legal hearing before the commission of his application for the permit, since Victor Gilbert, who heard a part of the testimony, was a member of the Legislature at the time, and could not act as a representative of the Commission on the hearing of the application.

2. Because there was no evidence to sustain the findings of the commission that the granting of the permit would "impair the efficient public service of common carriers then adequately serving the same territory."

Neither contention is sustained. With regard to the disqualification of Victor Gilbert, the agreed facts show that he was a member of the Forty-Third Legislature and after the adjournment of its Second Called Session he accepted, on April 1, 1932, employment with the Railroad Commission as assistant director of the motor transportation division, without formally resigning as a member of the Legislature. On June 29, 1932, Gilbert conducted the first hearing of appellant's application for the permit in question. On August 29, 1932, he resigned from the Railroad Commission and sat as a member of the Third Called Session of the Forty-Second Legislature, which adjourned September 21, 1932; after which time Gilbert again resumed his work as assistant director of the motor transportation division. On November 3, 1932, Gilbert formally resigned as a member of the Forty-Second Legislature, the Governor accepting his resignation on November 4, 1932. Gilbert received the compensation provided for the assistant director of motor transportation division during the time he served as such, and accepted the compensation as a legislator during the time he sat at the Third Called Session.

Lon A. Smith, a member of the Railroad Commission, conducted the final hearing of the application of appellant for the permit in question. A résumé of the testimony taken by Gilbert at the first hearing was submitted, and other testimony was adduced on the hearing before Lon A. Smith, held on October 6, 1932; and on November 4, 1932, the Railroad Commission entered its order denying the application of appellant for a permit to operate as a contract carrier for hire. Obviously the agreed facts show Gilbert to have been a de facto officer at the time he conducted the first hearing of appellant's application for the permit. He entered into the possession of the office under color of a known and valid appointment, and exercised the functions thereof. Kugle v. Glen Rose Ind. School Dist. (Tex.Civ.App.) 50 S.W.(2d) 375. In 34 Tex.Jur. 353, the rule applicable is stated as follows: "The acceptance in good faith of another office and the discharge of the duties thereof, even without formal qualification, is as a matter of law an abandonment of a constitutionally incompatible office held de facto only and not de jure, in so far as the validity of acts performed in discharging the duties of the second office is concerned. The question of abandonment in such circumstances is one of law, and is not dependent upon actual renunciation of claim to the prior office nor upon ceasing to act as such officer. Martin v. Grandview Ind. School Dist. (Tex.Civ. App.) 266 S.W. 607, error refused."

■ Since this proceeding merely complains of an official act performed by Gilbert, a de facto officer, it constitutes a collateral attack upon his authority; and the rule is well settled that an act of a de facto officer may not be questioned in a collateral proceeding, but only in a direct proceeding instituted for that purpose, and to which the officer is a party. Bell v. Faulkner, 84 Tex. 187, 19 S.W. 480; Bowen v. Board of School Trustees (Tex.Civ.App.) 16 S.W. (2d) 424; Miller v. Brown (Tex.Civ.App.) 216 S.W. 452 (error ref.); State v. Hoff, 88 Tex. 297, 31 S.W. 290; State v. Goodwin, 69 Tex. 55, 5 S.W. 678.

■ The principal contention of appellant is based upon the claim that Gilbert as a member of the Legislature created the position which he accepted with the Railroad Commission, and was therefore ineligible under section 18 of article 3 of the Constitution to hold the office or position in question. There is nothing in the agreed statement of facts to show that the Legislature of which Gilbert was a member created the office or position to which he was appointed by the commission. The Motor Carrier Act of 1929 (Acts 1929, c. 314) authorized the Railroad Commission to employ such assistants as were necessary to carry out the purposes of the act, without designating any office or position. The record does not show when the commission created the office of assistant director of the motor transportation division. In any event, this proceeding merely attacks an act of Gilbert while he was serving as assistant director of the motor transportation division of the Railroad Commission, and is therefore a collateral attack upon his authority to hold such office or position; and as above pointed out the official acts of a de facto officer are valid so far as the public or third persons are concerned, and their validity may not be collaterally attacked. 34 Tex.Jur. 629, § 171, and authorities there cited.

■ Nor do we sustain the contention of appellant that there was no evidence to sustain the finding of the commission that the granting of the permit in question would impair the efficient public service of common carriers adequately serving the same territory. The agreed facts show that appellant sought to procure a contract carrier permit to transport property and merchandise for the firms named and between certain points and over certain routes described in the agreed statement of facts by the use of three motortrucks; that the Railroad Commission had before it evidence of the character of service of all the common carriers by rail between the points involved, and also the common motor carriers operating over said routes. At the hearing various witnesses protested the permit, and introduced facts, circumstances, and conditions showing that the existing common carriers were in need of the revenue to be derived from the transportation of property by appellant over their routes. It is true appellant sought to show that some of the state institutions to which he delivered merchandise were located several miles distant from common carrier lines and from railroads. But a member of the State Board of Control testified that each of these institutions was equipped with trucks and wagons which could readily transport all such merchandise from the common carriers' freight stations to the warehouses of the institutions.

These facts substantially support the finding of the commission that the granting of the permit would impair the efficient public service of common carriers then adequately serving the territory. Appellant was afforded a full and fair hearing as provided by article 911b, § 6(c), Vernon's Civil 1936 Statutes. The evidence showed that the Railroad Commission had before it on final hearing of the application evidence showing the condition of the roads over which appellant's operations were to be had, also showing all of the operations of railroads and common motor carriers, and that such common carriers were adequate to serve the territory sought to be served by appellant. The rule is settled that the court on appeal will not interfere with the Railroad Commission nor review its orders administering the motor transportation cases, further than is necessary to keep it within the law and to require that its orders shall be based upon substantial facts, and not upon the arbitrary exercise of its power and authority. Railroad Comm. v. Shupee (Tex. Civ.App.) 57 S.W.(2d) 295, affirmed by Supreme Court 123 Tex. 521, 73 S.W.(2d) 505; Railroad Comm. v. Red Arrow Freight Lines, Inc. (Tex.Civ.App.) 96 S.W. (2d) 735; Railroad Comm. v. McDonald (Tex.Civ.App.) 90 S.W.(2d) 581; Article 911b, section 6(c), Vernon's Civil 1936 Statutes.

We find no error in the judgment of the trial court, and it will be affirmed.

Affirmed.