By the Court.
 

 The Lorain Transit Lines, Inc., filed with the Public Utilities Commission an application
 
 *402
 
 (No. 9044) for a certificate of public convenience and necessity to carry passengers over a regular route between tbe cities of Lorain and Elyria.
 

 Thereafter The Lorain Motor Coach Company, Inc., filed an application (No. 9061) for a similar certificate over the identical route.
 

 The -route over which both applicants sought a certificate has been served by The Lorain Street Railroad Company for which corporation F. W. Coen was appointed receiver by the U. S. District Court at Cleveland. Acting pursuant to authority conferred by that court the receiver organized The Lorain Transit Lines, Inc., for the purpose of applying for a certificate.
 

 At the hearing before an attorney-examiner of the Public Utilities Commission each applicant was a protestan! to granting the application of the other and by agreement it was stipulated that, as far as applicable, the testimony offered by one applicant should be considered as protesting testimony against the other in both proceedings before the commission-involving this territory.
 

 The commission denied the application of-The Lorain Motor Coach Company, Inc., (No. 9061) and denied an application for rehearing. An appeal from that order was prosecuted to this court by the motor coach company.
 

 The commission granted the application of The Lorain Transit Lines, Inc., (No. 9044) for a certificate and no application for rehearing was filed.
 

 The appellant challenges the right of the receiver of The Lorain Street Railroad Company to organize The Lorain Transit Lines, Inc., the successful applicant for a certificate. That question was decided by this court in
 
 Buckeye Stages, Inc.,
 
 v.
 
 Public Utilities Commission, ante,
 
 395, this day decided.
 

 The appellant also contends that the commission erred in granting” the certificate without proof that existing transportation service is inadequate and with
 
 *403
 
 out giving to an existing operator an opportunity to provide adequate service. See Section 614-87, General Code, and
 
 Coney Island Motor Bus Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 47, 152 N. E., 25.
 

 That is still the law which may he invoked hy a common carrier operating over a route, hut neither that section nor that case can be invoked in this proceeding in which both applicant and protestant are not operating over the route sought but are original applicants for a certificate.
 

 This controversy, therefore, narrows' down to the simple question of the reasonableness and lawfulness of the action of the commission in granting a certificate to one of two applicants.
 

 This court has consistently affirmed orders of the • commission, selecting between applicants’-for a certificate, when it does not affirmatively appear from the record that the orders are unlawful and unreasonable.
 
 Royal Green Coach Co.
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 41, 143 N. E., 547;
 
 Johnson
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 727, 157 N. E., 475; and
 
 Granville & Newark Motor Service, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 148, 162 N. E., 397.
 

 Order affirmed.
 

 Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.