# MARCH, 1939.

State of Missouri ex rel. V. C. Ringo, Appellant, v. Public Service Commission of Missouri et al., Respondents.—132 S. W. (2d) 1080.

Kansas City Court of Appeals.    June 19, 1939.

*J. H. Linton, H. J. Nelson, R. W. Hedrick* and *Russell B. James* for respondent, Burlington Transportation Co.

*Charles A. Orr* for appellant, V. C. Ringo.

——————————, J.—The facts involved in this case are: "On March 11, 1935, appellant Ringo filed in the office of the Public Service Commission of the State of Missouri his application, duly verified, seeking a certificate of convenience and necessity authorizing him to operate intrastate as a passenger-carrying motor carrier over State Highway No. 45 between Rushville and Parkville, Missouri, and intermediate points. Said application was in the form required by law and the regulations of said Commission, and there was set forth in said application and in the exhibits attached thereto, all data and information required by law and necessary to satisfy said Commission and to fully apprise the Commission of appellant's financial responsibility, equipment and his·qualifications to render the proposed service and the convenience and necessity to be served by appellant's proposed operations.

"On the same day on which appellant's application was filed with the Public Service Commission, Burlington Transportation Company, respondent, filed its application with the Commission seeking authority to operate as a passenger-carrying motor carrier over a regular route between the cities of St. Joseph and Kansas City, Missouri, over U. S. Highways Nos. 59 and 45 as an extension to its certificate No. 26, by which application it sought authority to carry passengers in intrastate operation between St. Joseph and Kansas City, Missouri, via said Highways Nos. 59 and 45 through Rushville, Parkville and other intermediate points on said route. On May 25, 1935, respondent Burlington Transportation Company, by its amended application, sought additional authority from the Commission for a temporary detour between St. Joseph and Kansas City over U. S. Highway No. 71—State Highway No. 45 route via Parkville, already served by the Interstate Transit lines.

"The applications of appellant and respondent were consolidated by the Public Service Commission for hearing and evidence was introduced and heard by the Commission on both applications."

As to the application of the matter of certificate to the Burlington Transportation Company referred to, we are handing down an opinion sustaining the granting of certificate. The record before us is quite voluminous and includes the evidence in both cases. The evidence in this case is not extensive and the Public Service Commission in its report has summarized the evidence applicable to this case as follows:

"We turn now to the testimony concerning the application of V. C. Ringo for a certificate authorizing operations between Parkville and Rushville and the protest to such certificate tendered by the answer and evidence of the Burlington. The testimony of this ap-

plicant tends to show that he is a resident of Parkville and has resided there his entire life. He is a property owner and a taxpayer. He is an experienced bus operator. As early as 1915 he operated a passenger bus for hire between Parkville and Brenner Station on the interurban electric road and later extended his operation between Parkville and Kansas City, Missouri. He was one of the operators of the bus system inaugurated by the electic road supplementing its service between Parkville and Kansas City. His application was, as stated, to serve from Parkville to Rushville. This would amount, as will be seen from the geographical situation previously described, to constitute a bridge service between the line of the Interstate at Parkville and the line of the Missouri Pacific Transportation Company at Rushville. The proposed service would enable passengers to be delivered by joint traffic arrangement at all of the immediate towns mentioned in the application of the Burlington between Rushville and Parkville. It is conceded that at the present time there is no bus service available at any of these places. The applicant proposes to use a single five-passenger car in the proposed service. He offered testimony by the cashier of a bank at Parkville that he would be able to obtain whatever financial assistance might be necessary to adequately serve the territory. A number of witnesses were produced by the applicant whose testimony showed their desire to be served by Ringo in this operation and who presented a petition signed by some one hundred fifty other residents along the route requesting the grant of his application. These included a recommendation from the President of Park College and its Dean. The statement of applicant's financial resources filed with his application shows a net worth of $7250, of which $6500 is represented by real estate.''

The general purport of the evidence in this case, we conclude, is fairly stated in the above. The conclusions and findings of the commission are as follows:

''As respects the application of V. C. Ringo we are confronted by the rival claims of a large and concededly dependable carrier, able not only to serve the entire field sought to be served by Ringo, but also, by means of its wider operations, able to serve these points in a more comprehensive manner than would be possible by the necessarily limited service proposed by Ringo. He and the Burlington filed their applications on the same day. Neither, therefore, has any superior claim of priority from the viewpoint of the time of making the application. Giving some weight to the prior entry into the transportation field by the railroad company and consideration also as to which of the two applicants can be deemed most capable of rendering adequate and dependable service, we feel that the choice must fall upon the Burlington and that the application of Ringo must be denied,

since to grant both would result in the unnecessary duplication of facilities.''

This cause was certified to the Circuit Court of Cole County, Missouri, and said court affirmed the orders and decrees of the commission, and Mr. Ringo, the applicant, duly appealed from the judgment affirming.

In the opinion of this court in the Burlington case, combined for hearing with this case, we have at some length discussed the law as applied to public convenience and necessity. The same law having application to the case at bar, we conclude, that a repetition of such discussion is not herein required. Suffice it to say that in our review herein we follow the law and procedure as clearly set forth in State ex rel. Alton Transportation Co. v. Public Service Commission of Missouri, 329 Mo. 1139, 49 S. W. (2d) 614.

Under the laws of this State matters of public service are directly under legislative agency and the granting of certificates of convenience and necessity do not come within the jurisdiction of any of the courts of this State. While the courts have power to review the orders and decrees of the Public Service Commission, still the powers of review are very much restricted. There are characteristic differences in reviewing an ordinary law suit, tried in a *nisi prius* court wherein the controversy is confined to the respective rights of individuals, and the review of matters determined by the Public Service Commission, wherein individual interests become subservient to public convenience and necessity.

In our review of this case, we are confined to the question as to whether or not the commission's orders are unreasonable and unlawful. Generally in adjudicating issues as between two individuals the present existing facts are determinative. However, in matters of public convenience and necessity there must be consideration of the future.

From a strictly judicial standpoint, wherein the interests of the Burlington and Mr. Ringo alone would be involved, we would conclude that Mr. Ringo is supported by a preponderance of the evidence. When we add to the issue that of public convenience and necessity, the future involved, we must take note of the discretionary powers of the Public Service Commission.

We have above set forth a synopsis of the evidence and followed same with the reasoning and the conclusions on the part of the commission and we conclude, all elements considered, that we are not justified in declaring that the same are unreasonable and unlawful.

Judgment affirmed. All concur.