DIXIE GREYHOUND LINES, INC., *v.* MISSISSIPPI PUBLIC SERVICE COMMISSION *et al.*

(In Banc. Feb. 24, 1941. Suggestion of Error Overruled, April 14, 1941.)

[200 So. 579. No. 34341.]

(En Banc. April 14, 1941.)

[1 So. (2d) 489. No. 34341.]

Shepherd, Owen & Heiskell, of Memphis, Tenn., and Watkins & Eager, of Jackson, for appellant.

708

Jones & Ray and **Vardaman S. Dunn**, all of Jackson, for appellee.

710

Argued orally by **W. H. Watkins, Sr.**, for appellant, and by **Vardaman S. Dunn** and **Bob Ray**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This appeal involves the decision of three questions: (1) Whether or not the order or judgment of the Public Service Commission, appealed from herein, is subject to judicial review; (2) the extent to which a judicial review is limited if the power exists; and (3) whether there is substantial (that is, more than a scintilla of) evidence to support the judgment of the commission, or, as stated

in many reported cases, whether the order or judgment is manifestly against the evidence, if the courts are entitled to review the action of the commission complained of, whereby it has granted certificates of public convenience and necessity in this case to an additional motor carrier of passengers, mail, and light express over portions of a route being served by the existing carrier, the Dixie Greyhound Lines, Inc.

It is unnecessary to determine whether the Public Service Commission was acting in a judicial or quasi-judicial, instead of a purely administrative or legislative capacity, when it decided the contest between R. P. Cox, operating as Cox Motor Coaches, in whose favor the certificates of public convenience and necessity were granted, and the appellant, Dixie Greyhound Lines, Inc., for the reason that in either event the court below had jurisdiction to review the order or judgment of the Public Service Commission granting the certificates, if Section 10, Chapter 139, and Section 28, Chapter 142, Laws of 1938, are constitutionally valid. The cases of Cumberland Tel. & Tel. Co. v. State, 135 Miss. 835, 100 So. 378; and Dixie Greyhound Lines, Inc., v. Mississippi Railroad Commission, 174 Miss. 1, 163 So. 443, decided prior to the enactment of the statutes of 1938 hereinbefore mentioned, are not authorities to support the contention that the courts are without power under the present statutes' to review such orders, but the effect of those decisions is that Section 73 of the Code of 1930, governing writs of certiorari, and Section 7125, of the said Code, authorizing an appeal from the orders of the Mississippi Railroad Commission were limited to judicial orders or judgments of said Commission. That a court of competent jurisdiction has the power to review any order made by an administrative commission to determine whether it is supported by substantial evidence, within the meaning of that term, as hereinbefore defined, or is purely arbitrary and capricious, beyond the power of the commission to make, or violates some statutory or constitutional right

of an interested party, is so well settled as not to be open to any doubt. This is recognized by Section 7038, Code of 1930, was so stated in Illinois C. R. Co. v. Dodd et al., 105 Miss. 23, 61 So. 743, 49 L. R. A. (N. S.) 565, and is exemplified by Western Union Tel. Co. v. Mississippi R. Comm., 74 Miss. 80, 21 So. 15; Mississippi R. Comm. v. Mobile, etc., R. Co., 115 Miss. 101, 75 So. 778, Ann. Cas. 1918B, 828; Mississippi R. Comm. v. Mobile, etc., R. Co., 117 Miss. 257, 78 So. 153; Mobile & O. R. Co. v. Mississippi Pub. Service Comm., 188 Miss. 698, 195 So. 305; and by decisions of the Supreme Court of the United States, Federal, Circuit, and State appellate courts, too numerous to be collated. In reviewing such an order, ''power to make the order, and not the mere expediency or wisdom of having made it, is the question.'' In determining that question the court considers: ''(a) All relevant questions of constitutional power or right; (b) all pertinent questions as to whether the administrative order is within the scope of the delegated authority under which it purports to have been made; and (c) a proposition which we state independently, although in its essence it may be contained in the previous one, viz., whether, even although the order be in form within the delegated power, nevertheless it must be treated as not embraced therein because the exertion of authority which is questioned has been manifested in such an unreasonable manner as to cause it, in truth, to be within the elementary rule that the substance, and not the shadow, determines the validity of the exercise of the power.'' Interstate Commerce Commission v. Illinois C. R. Company, 215 U. S. 452, 470, 30 S. Ct. 155, 160, 54 L. Ed. 280, 288. This case has been uniformly followed by the United States Supreme Court in later cases, proposition (c) being sometimes reworded by saying that the order must be supported by substantial evidence, and not be an arbitrary and capricious exercise of power. In the case of Interstate Commerce Commission v. Union P. R. Company, 222 U. S. 541, 32 S. Ct. 108, 110, 56 L. Ed. 308, involving the question of rates under an administrative order of the commission, the Court said:

"There has been no attempt to make an exhaustive statement of the principle involved, but in cases thus far decided, it has been settled that the orders of the Commission are final unless (1) beyond the power which it could constitutionally exercise; or (2) beyond its statutory power; or (3) based upon a mistake of law. But questions of fact may be involved in the determination of questions of law, so that an order, regular on its face, may be set aside if it appears that (4) the rate is so low as to be confiscatory and in violation of the constitutional prohibition against taking property without due process of law; or (5) if the Commission acted so arbitrarily and unjustly as to fix rates contrary to evidence, or without evidence to support it; or (6) if the authority therein involved has been exercised in such an unreasonable manner as to cause it to be within the elementary rule that the substance, and not the shadow, determines the validity of the exercise of the power." Citing Interstate Commerce Commission v. Illinois C. R. Co., supra, and other cases. In Shields v. Utah Idaho Central R. Co., 305 U. S. 177, 185, 59 S. Ct. 160, 165, 83 L. Ed. 111, the Court said: "The condition which Congress imposed was that the Commission should make its determination after hearing. There is no question that the Commission did give a hearing. Respondent appeared and the evidence which it offered was received and considered. The sole remaining question would be whether the Commission in arriving at its determination departed from the applicable rules of law and whether its finding has a basis in substantial evidence or was arbitrary and capricious. Id. That question must be determined upon the evidence produced before the Commission." Such is the rule announced by this Court in Western Union Telegraph Co. v. Mississippi Railroad Comm., 74 Miss. 80, 21 So. 15, 17, wherein the Court said: "The findings and determination of matters committed to the railroad commission by it are not final and conclusive, and it was never so intended by the statute. It is a mere administrative

agency, although in some respects it exercises quasi judicial power. But at last the reasonableness, and consequently the lawfulness, of its determination is left subject to judicial inquiry and decision. If a common carrier, required by the commission to do an act, is of opinion that the requirement is a violation of its legal rights, it may refuse compliance, and if, upon judicial inquiry, its contention is supported, it is not punishable or liable for a failure to comply." This being true, Section 10, Chapter 139, and Section 28, Chapter 142, Laws of 1938, simply provide a new method or procedure by which orders of this administrative board may be reviewed by a court. It confers no new judicial power on the courts, but simply creates a new procedure by which existing judicial power may be exercised. Therefore, there is no constitutional objection to the statute. 51 C. J. 71.

If Section 1 of our State Constitution, dividing the powers of government into three distinct departments, to-wit: legislative, executive, and judicial, is the basis for the contention that the legislature was without authority when enacting the statutes of 1938 here involved to impose the duty upon the courts to review the orders or judgments of the Public Service Commission, an administrative agency, then it may be said with equal reason that the same tripartite division of power is prescribed by the Federal Constitution; but the right of the congress to impose the duty upon the courts to review the orders and judgments of federal administrative agencies has been repeatedly upheld by the Supreme Court of the United States. On November 25, 1940, that Court entertained an appeal and exercised the right of judicial review of an order of the Federal Communications Commission, which had been adopted by that administrative body under its authority for "granting or refusing an application for a construction permit for a radio station, or for a radio station license . . ." etc. Federal Communications Commission v. Columbia Broadcasting System, 61 S. Ct. 152, 153, 85 L. Ed. —. Also, in Frost

v. Corp. Comm. of Okla., 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483, wherein the issuance of a certificate by the Commission for operating a gin as a public utility was involved, and where the record failed to disclose substantial evidence to prove that the public convenience and necessity required it, the Court held that the granting of the certificate was an invasion of the franchise rights of the objecting operator, and in violation of the Fourteenth Amendment to the Constitution of the United States. Other recent decisions, among the many that could be cited, wherein that Court judicially reviewed orders of the Interstate Commerce Commission which had either granted or denied certificates of convenience and necessity to motor carriers, and wherein the Commission was administering the Federal Motor Carrier Act of 1935, 49 U. S. C. A., Sec. 301, et seq., 49 Stat. 543, are the cases of United States v. Maher, 307 U. S. 148, 59 S. Ct. 768, 83 L. Ed. 1162; McDonald v. Thompson, 305 U. S. 263, 59 S. Ct. 176, 83 L. Ed. 164; and W. A. Loving et al. v. United States and I. C. C., D. C., 32 F. Supp. 464; Id., 310 U. S. 609, 60 S. Ct. 898, 84 L. Ed. 1387.

Chapter 142, Laws of 1938, is modeled after the said Federal Motor Carrier Act of 1935, and Section 6, subsection (c), of our statute contains an express legislative direction that in administering the act the Public Service Commission shall conform as nearly as practicable to the rules, regulations, requirements, etc., of the Interstate Commerce Commission. Since the two statutes are strikingly similar in their provisions, the decisions of the United States Supreme Court in exercising the power of judicial review of the action of the Interstate Commerce Commission in the granting or denying of certificates of public convenience and necessity to motor carriers engaged in interstate commerce should be ample authority as to the right of judicial review.

But, it is said in effect by counsel for the appellees that to so hold runs counter to Dixie Greyhound Lines, Inc., v. Mississippi Railroad Commission, 174 Miss. 1, 163 So.

443. In that case the facts were that the Dixie Greyhound Lines contended that it had a certificate over U. S. Highway 80, between Jackson and Vicksburg, entitling it to operate one schedule a day each way, to three schedules per day operated by the existing carrier, the Motor Transportation Company, over the same highway. In order to amicably settle certain litigation between the two companies and the Commission, an agreement was reached whereby a certificate for one schedule per day each way had been granted to the Dixie Greyhound Lines, Inc., as successor to the Pickwick Greyhound Lines; and, also, one to the Motor Transportation Company for three schedules per day each way. The contract expired, and the Dixie Greyhound Lines neglected to resume operations under the certificate which it had thus acquired from the Pickwick Greyhound Lines, Inc. After the lapse of a year it applied to the commission for approval of a time schedule of operations, and a schedule of fares over the route. The Commission denied the application for the approval of the schedule and fares, and the Dixie Greyhound Lines attempted to appeal, both by direct appeal and by certiorari. The circuit court dismissed the direct appeal, since no such appeal was deemed to have been provided for by any statute then in force, and dismissed the appeal by certiorari, on the ground that the order of the Railroad Commission, which denied the Dixie Greyhound Lines' application to operate an additional schedule, was legislative and administrative, not judicial.

The Court did take cognizance, however, of the claim made by the Dixie Greyhound Lines to the effect that the action of the Railroad Commission, complained of, had deprived it of its franchise without due process, and held that there was no merit in the contention, for the reason that if the Dixie Greyhound Lines had been deprived of any franchise right it was not by the action of the Railroad Commission, but by the Motor Transportation Company. In other words, the Dixie Greyhound Lines had permitted a period of one year to lapse without resuming

operation under its certificate, and the Motor Transportation Company had, in the meantime, with the approval of the Commission, begun to fully meet the public convenience and necessity by four schedules each way per day. Therefore, no invasion of an existing right of the Dixie Greyhound Lines was committed, but rather that carrier was seeking to infringe upon the established schedule and franchise of the Motor Transportation Company, and was denied the right to do so. Both carriers had theretofore agreed that the four schedules per day were sufficient. Consequently, no statutory or constitutional right of either carrier was violated by the Railroad Commission. There was nothing to indicate that the action of the Commission then complained of was without the support of substantial evidence or was in any sense arbitrary. Moreover, the Court could not consider the evidence heard before the Commission except in the event it was entitled to consider the direct appeal, since the evidence heard before the Commission was not reviewable on certiorari.

It is true that if the language of the opinion in that case is interpreted to mean that the legislature is without constitutional power to provide for an appeal to a court from the orders or judgments of the Commission of the character here under consideration, then to hold that Section 10, Chapter 139, and Section 28, Chapter 142, Laws of 1938, are valid would run counter thereto. If, however, the opinion is limited, as the interpretation of all court opinions should be, to the facts and necessities of the case with which the Court was then dealing, then the validity of these statutes of 1938 will not be affected thereby. The main question which the Court was there called on to determine was whether the case it then had under consideration could be brought to it either by a writ of certiorari under Section 73 of the Code of 1930, or by an appeal under Section 7125 thereof. After holding, and we think properly, that the order appealed from was not a judicial order or judgment, then the case of Cum-

berland Telephone & Telegraph Co. v. State, supra, which was cited by the Court in its opinion, required it to hold that the writ of certiorari would not lie; and the Court was also restricted in its power of judicial review to such "orders and decisions" of the Commission as to which an appeal was then granted by Section 7125 of said Code, that is to say, those of such judicial character as to constitute judgments. To hold that appeals under the sections of the statutes of 1938 here involved can apply only to such orders of the Commission as are so judicial in character as to constitute judicial orders would violate their express language and practically destroy their efficacy, for the reason that comparatively few decisions of this tribunal are of that character.

By the enactment of Chapter 139, Laws of 1938, the legislature abolished the Mississippi Railroad Commission and created in its stead the Public Service Commission, vested with the powers, privileges, and duties theretofore exercised and performed by the former Commission, and then imposed upon the newly created one certain additional duties and responsibilities by the terms and provisions of Chapter 142, Laws of 1938. Among those duties was the protection of the safety and welfare of the public in its use of the highways, the protection of the highways from unreasonable, improper and excessive use, and the promotion of an adequate, economical and efficient service by motor bus carriers, without unfair or destructive competitive prices. The lawmakers necessarily knew that economy and efficiency in the service to the public could not be promoted by the granting of several certificates of public convenience and necessity to different carriers over the same route, nor could the safety and welfare of the public in the use of the highway, the protection of the roadbed from unreasonable, improper, or excessive use, and the franchise rights of existing carriers from destructive competition, be made secure without proper safeguards to guarantee the accomplishment of those ends. It was to achieve those objectives, which

pervade the whole scheme of this legislation, that Chapter 142, Laws of 1938, provides for a hearing on an application for such certificate. To that end, the applicant is required to state the names of the "existing carriers serving the route, or territory proposed to be served, and and who will be affected by the proposed service." Sec. 8(b) (7) Thereupon, it is required that the Commission shall fix a time and place for hearing such application, not less than twenty days after the application has been filed. In compliance with the purpose of the requirements as to a hearing, the record before us discloses that the Commission has prescribed a printed form of notice to such an existing carrier, and that such a notice was given to the appellant, Dixie Greyhound Lines, as such carrier, and that the hearing was had on the application of the said R. P. Cox, and the protest of the Dixie Greyhound Lines, Inc. The parties were represented by counsel at the hearing, and the testimony and documentary evidence was taken by the official reporter of the Commission in order that the state, or any party aggrieved by any final finding, order or judgment of the Commission, could exercise the right of appeal to the First Judicial District Circuit Court of Hinds County, Mississippi, as provided for by Section 28 of said Chapter 142, Laws of 1938. In other words, in view of the constant increase in motor bus transportation, involving the expenditure of large sums of money for modern and comfortable buses, stations and other necessary facilities, and on account of the further fact that the action of the Commission in such cases would affect substantial rights of those engaged in this important and growing industry, as well as the public convenience and necessity, the legislature was unwilling to delegate to any board or Commission the powers conferred, without requiring its action to be subject to the right of appeal, when deciding the issues in controversy that would thus arise for determination as a condition precedent to its right to grant the certificate applied for.

It will be observed that the statute also reserves to the state itself the right to obtain a judicial review, in order to enforce the public policy therein declared, in the event a certificate should be issued under circumstances not authorized by the facts adduced at the hearing.

The legislature, in refraining from delegating to the Commission powers unreviewable in the courts, when sitting in judgment on the issues of fact in controversies affecting the property rights of citizens, is presumed to have been cognizant of the decision of this Court in the case of Teche Lines, Inc., v. Board of Supervisors, 165 Miss. 594, 142 So. 24, 143 So. 486, wherein it was held that the franchise to operate a transportation motor bus over the highways under an existing certificate is a property right; that it is property, subject to taxation, and in the enjoyment of which the holder should be protected by the laws of this state; and the legislature is presumed to have taken into consideration that the safety and welfare of the public, in its use of the highways, and the freedom of the highways from unreasonable and excessive use would be jeopardized by the granting of additional certificates, where the public convenience and necessity do not so require.

Since on certiorari the courts are not permitted to look to the transcript of the testimony heard by the Commission, the legislature has seen fit by the enactment of Chapter 142, Laws of 1938, to grant the right of direct appeal to the Circuit Court for a judicial review of the evidence taken before the Commission. Section 156 of the State Constitution of 1890 reads as follows: "The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law." Section 13, Code of 1930, provides for an appeal to the Supreme Court from any final judgment of the Circuit Court.

With further reference to the question as to the limitations on the power of judicial review of such a proceeding,

the Illinois Supreme Court upheld the right of judicial review of an order of the Illinois Commerce Commission, but said that the right was "limited to determining whether its finding is without any foundation in the evidence or a constitutional right of the appellants has been infringed by such finding." Atchison, T. & S. F. Ry. Co. v. Ill. Commerce Commission, 335 Ill. 70, 166 N. E. 466, 473, citing among other cases, Interstate C. C. v. Union P. R. Co., 222 U. S. 541, 32 S. Ct. 108, 56 L. Ed. 308. To the same effect is the case of Palmyra Tel. Co. v. Modesto Tel. Co., 336 Ill. 158, 167 N. E. 860.

In Smith v. Wald Transfer & Storage Co. (Tex. Civ. App.), 97 S. W. (2d) 991, 995, involving a certificate of convenience and necessity granted to a motor freight line, the Court of Civil Appeals of Texas declared it unnecessary to classify the Commission's delegated power to grant or refuse permission to use the public highways for commercial purposes; that is, whether this power is the exercise of a legislative, quasi judicial or purely administrative function; that the power had often been referred to as quasi judicial; that where notice and hearing is provided for the proceeding partakes of the nature of a judicial function; but that the ultimate exercise of the vested discretion could hardly be classed as a judicial function; and the Court then said: "Judicial review of such orders [whether legislative, administrative or judicial] has been repeatedly held to be confined to questions of a strictly judicial character; whether they are arbitrary or unreasonable, or unjust or discriminatory to the complaining party, and therefore constitute an abuse of the discretion which the Legislature has vested in the commission."

In Railroad Commission v. Brown Express (Tex. Civ. App.), 106 S. W. (2d) 327, and Keel v. Railroad Commission (Tex. Civ. App.), 107 S. W. (2d) 439, involving the issuance of such certificates by the State Commission, the Texas Court upheld the right of judicial review to the extent of determining whether there was substantial evi-

dence before the Commission to sustain its findings and its orders. Likewise, in the cases of City of Cleveland v. Public Utilities Commission, 134 Ohio St. 216, 16 N. E. (2d) 339, 341, and Lorain Motor Coach Co. v. Public Utilities Commission, 134 Ohio St. 401, 17 N. E. (2d) 647, the Ohio Court upheld the right to review the orders of the Public Utilities Commission for the purpose of ascertaining whether its findings ''are against the manifest weight of the evidence.'' To the same effect are the cases of State v. Public Service Commission, 234 Mo. App. 549, 132 S. W. (2d) 1080; Pennsylvania Greyhound Lines v. Public Service Commission, Ind. Sup., 27 N. E. (2d) 348; and Modern Transfer Co. v. Pennsylvania Public Utility Commission, 139 Pa. Super. 197, 12 A. (2d) 458.

In the case of Shields v. Utah Idaho Cent. R. Co., 305 U. S. 177, 59 S. Ct. 160, 165, 83 L. Ed. 111, where the Railway Labor Act, 45 U. S. C. A., Sec. 151, et seq., applying to railroads engaged in interstate commerce, excepted any interurban electric railway unless it is a part of a general railroad system, and where the Interstate Commerce Commission was authorized, on request of the Mediation Board, to determine after a hearing whether any particular line falls within the exception, the Court in an opinion delivered by Mr. Justice Hughes, after reviewing the legal questions involved and the scope of the judicial review to which the parties were entitled, said: ''The sole remaining question would be whether the Commission in arriving at its determination departed from the applicable rules of law and whether its finding had a basis in substantial evidence or was arbitrary and capricious. Id. That question must be determined upon the evidence produced before the Commission.''

On the question of whether the judgment of the Public Service Commission here appealed from has any substantial evidence for its support, or is manifestly against the evidence, we are of the opinion, after a careful study and review of the testimony taken before the Commission, that there was no substantial proof of public convenience

and necessity to sustain the granting of such certificate to the applicant, R. P. Cox, doing business as the Cox Motor Coaches, over the route being served by the appellant from Tchula, Mississippi, to Greenwood, Mississippi. One of the certificates granted to Cox covers the route from Pickens and into Lexington, Mississippi, thence over paved State Highway No. 12 from Lexington to Tchula, Mississippi, thence to Greenwood, Mississippi, over U. S. Highway No. 49 E, with a closed door operation between Tchula and Greenwood—that is to say, Cox is not to pick up any passengers at Tchula for Greenwood, nor at Greenwood for Tchula. He is not prevented by the judgment complained of from taking on passengers at Tchula or Greenwood for Ruleville and Drew, and on to Clarksdale. Nor is he prevented from taking on passengers at Greenwood, and transporting them over the route of the appellant between Greenwood and Tchula, and on south toward Jackson, Mississippi. Moreover, it clearly appears from the testimony that the route between Tchula and Greenwood is being adequately served by the existing carrier, so as to allow the passengers from Tchula to arrive at Greenwood before the noon hour, and to remain until 4:30 P. M., permitting a stay of approximately five hours in Greenwood; and that there is also adequate service already provided from Greenwood to Tchula. A co-ordination of schedules between buses operated by Cox from Pickens to Tchula, and by the appellant from Tchula to Greenwood, would give such service to the people traveling to or from points south of Greenwood, over the proposed route applied for, as public convenience and necessity requires. The Commission has full authority to require such a co-ordination of schedules, and the appellant offered to lend its cooperation in that behalf. Therefore, the judgment of the Commission granting the certificate to Cox from Pickens to Greenwood should be affirmed as to that portion of the route between Pickens and Tchula; but should be reversed, and the application dismissed, as to that portion

of the route between Tchula and Greenwood, the latter portion being now adequately served by the appellant.

The term public convenience *and* necessity, used throughout the statute here under consideration, is not to be confused with the idea of public convenience *or* necessity. It may be convenient to have a bus going in each direction every hour of the day from the various stations along a route, but the public necessity does not so require.

There is also involved in this appeal the granting of a certificate to Cox from Ruleville to Drew, Misssisippi, over U. S. Highway 49 W. now being served by the appellant, and thence over an unnumbered county highway to Clarksdale, Mississippi, via Lombardy, Baltzar and Roundaway, the operation to be with closed doors between Ruleville and Drew, and with the same restrictions as to taking on passengers as prescribed for the route between Tchula and Greenwood. We are of the opinion that the evidence fully justified the finding of the Commission that public convenience and necessity required the granting of the certificate over the proposed route from Drew to Clarksdale; and that while it is shown that adequate service is being rendered by the appellant between Ruleville and Drew, we do not think that the permission granted to Cox under the restrictions heretofore mentioned, to use the route between Ruleville and Drew, a distance of approximately six miles, in transporting passengers from his own certificated route from south of Ruleville over this link of road by way of Drew, and from there over his proposed route into Clarksdale, can be said to be without substantial evidence to support it, or that it was manifestly against the evidence; nor are we able to say that such action constituted an unwarranted infringement of the existing franchise.

The judgment appealed from is therefore affirmed as to the route between Pickens and Tchula; reversed as to the portion of the route between Tchula and Greenwood; and affirmed as to the granting of the certificate to Cox

from Ruleville to Clarksdale, via Drew, Lombardy, Baltzar and Roundaway.

Affirmed in part and reversed in part; and judgment here accordingly.

### On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on Suggestion of Error.

In the concluding portion of our original opinion we said: "A co-ordination of schedules between buses operated by Cox from Pickens to Tchula, and by the appellant from Tchula to Greenwood, would give such service to the people traveling to or from points south of Greenwood, over the proposed route applied for, as public convenience and necessity requires. The Commission has full authority to require such a co-ordination of schedules, and the appellant offered to lend its co-operation in that behalf." 200 So. 579, 585.

Appellee Cox has interpreted this language as if we had meant to say that a certificate could not be granted to a new applicant except upon the condition precedent that the carrier under the existing certificate be given the opportunity to adjust its schedules and its facilities so as to meet the situation presented under the new application. It was not the intention by the quoted language to permit the stated deduction, as thus broadly stated, to be made.

The factual situation to which the quoted language was addressed was this: The appellant's northbound bus to Greenwood reaches Tchula, the connecting point with Cox, at 10:10 A. M. But Cox's bus arrives there at 10:35 or twenty-five minutes too late to make the connection, although Pickens, which is Cox's originating point, is only 29 miles distant. Appellant's southbound bus from Greenwood reaches Tchula at 5:10 P. M., but Cox leaves with his bus at 4:00 P. M., although having only twenty-nine miles to get back to Pickens.

So it is that without any reason whatever which may be regarded as substantial in point of public necessity, so far as we can see from this record, Cox has arranged his schedules so as to miss the older and admittedly adequate line, and now seeks to build upon this missing of connections a right to run his busses on through to Greenwood over the route of the older and more adequate line.

Certainly an applicant cannot arbitrarily create a situation and thereupon seek an advantage as a result thereof; and when the Commission so permits, its action becomes, by way of adoption, an arbitrary exercise of its powers which is reviewable by the courts.

Appellee Cox advances the point in the concluding portion of his suggestion of error that unless he is permitted to use the Tchula-to-Greenwood route, the business from Pickens to Tchula will be insufficient to sustain the latter line, and thus the local people on that line would be deprived of any bus service at all, and that this of itself should be taken as a sufficient consideration to support the order of the Commission.

An examination of the briefs on the original submission will disclose that the stated feature was not there presented as a distinct issue for decision; nor was it distinctly developed as an issue sufficient to stand on its own merits on the hearing before the Commission, wherefore it falls within the rule that, save in exceptional cases of which this is not one, the Court will not examine into a point raised and presented for the first time in a suggestion of error.

Suggestion of error overruled.