MAGEE TRUCK LINES, INC., *v.* BOND.

(In Banc. Feb. 24, 1941.)

[200 So. 586. No. 34327.]

Stevens & Stevens, of Jackson, and **Dudley W. Conner,** of Hattiesburg, for appellant.

**W. W. Pierce** and **Lotterhos & Travis**, all of Jackson, for appellee.

432

Argued orally by **John Morgan Stevens** and **Dudley W. Conner**, for appellant, and by **W. W. Pierce** and **Fred Lotterhos**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This case involves the validity of a certificate of public convenience and necessity issued by the Public Service Commission to appellee under Section 8 of Chapter 142 of the Laws of 1938, which is colloquially referred to as the grandfather clause of the Mississippi Motor Carrier Regulatory Act. That section of the Act provides, among other things, that: "No common carrier by motor vehicle . . . not herein exempted shall engage in intrastate operation on any highway within the state unless there is in force with respect to such carrier, a certificate of public convenience and necessity issued by the commission authorizing such operation; provided, however, that if any such carrier or predecessor in interest was in bona fide operation as a common carrier or restricted common carrier by motor vehicle on January 1, 1938, over the route or routes, or within the territory for which application is made and has so operated since that time, . . . the commission shall issue such certificate

without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings . . ."

Under this section of the Act, the applicant is required to state in his petition, among other things, the names of the existing carriers serving the route, or territory proposed to be served, and who will be affected by the proposed service. Thereupon, the Commission is required to fix a time and place for hearing such application, not less than twenty days after the filing thereof. The hearing provided for was had, presumably upon notice to the existing carriers serving the route or routes included in the application, and the testimony was taken by the official reporter of the Commission and transcribed as a part of the record in order that the State or any party aggrieved by the judgment of the Commission might take an appeal to the First Judicial District of the Circuit Court of Hinds County, as provided for under Section 28 of the said Act. Among other protestants was the appellant, Magee Truck Lines, Inc., an existing carrier of freight and other commodities over one of the proposed routes involved. The testimony was addressed to the nature and character of the appellee's operation on January 1, 1938, and thereafter over several proposed routes, but the appeal to the circuit court related only to the route over U. S. Highway 51 from Winona, Mississippi, to the Mississippi-Tennessee State Line, and the sole question to be decided here is whether or not there was any substantial evidence to support the finding of the Commission to the effect that the appellee was in fact engaged in bona fide operation as a common carrier of freight and other commodities over said route on January 1, 1938, and had so operated since that time when the application was filed on November 5, 1938.

Even if it were of decisive importance, and as to which see Dixie Greyhound Lines, Inc., v. Mississippi Public Srevice Commission et al., 200 So. 579, 190 Miss. 704, it will be seen that the Commission had before

it for decision a past fact in controversy, and was therefore acting judicially, in rendering the judgment appealed from. Gulf & S. I. R. Co. v. Wirt Adams, State Revenue Agent, 85 Miss. 772, 38 So. 348; Cumberland Tel. & Tel. Co. v. State, 135 Miss. 835, 100 So. 378. The power of judicial review was upheld in the first of the two cases above referred to, and denied in the latter one, on the sole ground that the judgment appealed from in the former instance involved a decision of a past or present fact in controversy, whereas in the latter case it did not.

In rendering the judgment here appealed from, the Public Service Commission was the judge of the credibility of the testimony, and the court is not authorized to substitute its judgment for that of the Commission where there is substantial (that is, more than a scintilla of) evidence to support the finding complained of, or unless, as stated in the case of Dixie Greyhound Lines, Inc., v. Mississippi Public Service Commission, supra, and the many decisions cited therein, the "judgment is manifestly against the evidence." Here, however, the record contains no substantial evidence to sustain the findings of the Commission to the effect that the appellee was engaged in a bona fide operation as a motor carrier of freight and other commodities over the route in question on January 1, 1938, and since that time. Only one witness, C. M. Wann, traffic manager of the appellee, testified. His oral testimony, as substantiated by the records of the appellee, disclosed a shipment on December 9th from Jackson to Greenwood where it was delivered to another carrier and conveyed to some point on the route over which the certificate was granted. Then, on February 10, 1938, there were other shipments, consisting of Sears-Roebuck Company catalogues, and a further shipment on April 30, 1938, from Columbia, Mississippi, to Batesville, Mississippi, a destination on the route in question. There were seventeen additional shipments from June 11th to November 4, 1938, inclusive. In other words, there were no shipments whatever on January 1,

1938, and for a period of forty-one days thereafter, and then no further shipment from February 10, 1938, until April 30th of that year; nor were there any during the month of May. In testifying in regard to the operations over the several routes involved in the application, the witness stated on direct examination that the busses ran over the route during five days of each week, but he admitted on cross-examination that the route was traversed only when they had freight to carry, and the records of the appellee disclosed, as hereinbefore set forth, as to when there was freight hauled. Therefore, instead of the evidence disclosing that the appellee was engaged in a bona fide operation over the route on January 1, 1938, and continuously thereafter, it clearly shows without dispute that he was not so engaged. No presumption which the law indulges in favor of the correctness of the Commission's finding will supply the lack of evidence. The judgment appealed from must therefore be reversed and the application dismissed.

Reversed and judgment here for the appellant.