TRI-STATE TRANSIT CO. OF LOUISIANA, INC., *v.* MOBILE & OHIO TRANSP. CO.

(In Banc. June 14, 1941.)

[2 So. (2d) 845. No. 34644.]

Stevens & Stevens, of Jackson, for appellant.

Creekmore & Creekmore, of Jackson, **Y. D. Lott, Jr.** and **M. F. Wilhelm**, both of Mobile, Ala., for appellee.

Argued orally by **J. Morgan Stevens**, for appellant, and by **Rufus Creekmore** and **Y. D. Lott, Jr.**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court of Hinds County reversing and setting aside an order whereby the Mississippi Public Service Commission had granted a certificate of public convenience and necessity to the appellant, Tri-State Transit Company of Louisiana, Inc., to operate as a common carrier of passengers, baggage, light express, newspapers and other mail from Brooksville to Tupelo and north from Corinth to the state line, all within the State of Mississippi, and which said judgment of the circuit court also ordered and directed the Commission to issue a certificate of public convenience and necessity to the appellee, Mobile & Ohio Transportation Company, so as to authorize it to operate a transportation bus line for said purposes between Mayhew and Corinth

so as to duplicate the certificate rights already held by the appellant between Tupelo and Corinth, and further directing the issuance of such a certificate so as to duplicate the service which was then being rendered by the appellant as such common carrier between Starkville and Columbus.

The ground for reversal and setting aside of the order of the Commission whereby it had granted to the appellant the certificate to operate as such a common carrier between Brooksville and Tupelo via Mayhew, Muldon, Prairie, Okolona and Shannon is recited in the judgment rendered by the circuit court to be that the action of the Commission in that behalf was arbitrary and not supported by substantial evidence, but manifestly against the evidence taken before the Commission at the hearing.

The application of the appellant for the certificate between Brooksville and Tupelo along the route aforesaid was filed with the Commission prior to the application of the appelleee for a certificate over that route as between Mayhew and Corinth, and the two applications were heard together by the Commission, with the consent of the two respective applicants, and also along with the application of the appellee to duplicate the service then being rendered by the appellant under certificates of public convenience and necessity between Starkville and Columbus and between Tupelo and Corinth. After a three-day hearing in the premises, on which a great number of witnesses testified in support of the respective applications, the Commission entered its order granting the certificate to the appellant as applied for, and denied the certificate applied for by the appellee.

Instead of the order of the Commission being without substantial evidence for its support, or being manifestly against the evidence, it is abundantly supported by the proof adduced at the hearing. In fact, there was no conflict in the evidence on the question as to whether the public convenience and necessity required motor bus transportation over the route applied for by the ap-

pellant, since the territory to be served was thickly populated and was without adequate and necessary transportation facilities, and no busses were operating over the route.

Therefore, the primary issues before the Commission were (1) the question of which of the applicants was entitled to the certificate, insofar as that portion of the proposed new route between Mayhew and Tupelo was concerned; and (2) whether or not the public convenience and necessity required the duplication of the service already being rendered by the appellant under certificates formerly issued by the Commission over the two links of highway between Starkville and Columbus, and Tupelo and Corinth, respectively.

The basis of the contention by the appellee on both issues above mentioned was that it proposed to render a coordinated service between its trains and busses through the means of interchangeable tickets involving a reduction in railroad fares; that this was a new and distinct type of service to that being rendered or proposed to be rendered by the appellant. This was explained to mean that a passenger would be granted the privilege of traveling part of his journey by bus and the remainder by train, or to go by bus and return by train and vice versa, and that railroad fares would be reduced so as to conform to the rates charged by the bus transportation line. The answer to this contention in the main is that a passenger can now select such a method of travel over the two links in the highway, over which the appellant already has certificate rights and is operating busses parallel to the line of the Mobile & Ohio Railroad Company; that he could do likewise over the proposed new route for which the Commission granted the certificate to the appellant; and that there could be a mutual interchange of tickets to that end if the railroad company was willing to cooperate in that behalf. The remaining consideration, therefore, is that the Mobile & Ohio Railroad Company, (which advanced out of its receivership

funds the $8,000 of paid-in capital with which the appellee was organized as its subsidiary, and which railroad company had been merged with the Gulf, Mobile & Northern Railroad at the time of the hearing before the Commission so as to constitute the existing Gulf, Mobile & Ohio System) would be able to serve the public convenience and necessity by reducing its railroad fares to correspond with bus rates, as heretofore stated, and could coordinate its railroad and its subsidiary bus company schedules in the interest of public travel. This consideration, however, while it may be a public convenience, cannot be said to be a necessity which could not be otherwise provided for.

The foregoing and other considerations were addressed, however, to the judgment and discretion of the Public Service Commission, and the sole question presented to us for decision is whether or not the action of the Commission was arbitrary, not supported by substantial evidence, or was manifestly against the evidence. After a careful reading of the transcript of the evidence adduced at the hearing, we are unable to so hold, although we must view with sympathetic interest the plight in which the railroad company finds itself by reason of its loss of passenger traffic, as well as baggage and light express business to the bus companies. Insofar as the two links of highway over which the appellant had already acquired certificate rights, and had been rendering satisfactory service according to all of the proof, are concerned, the application of the railroad company's subsidiary bus line comes too late, since the proof fails to disclose that the action of the Commission was arbitrary in holding that the public convenience and necessity did not require a duplication of the service already being rendered over those routes. As to the proposed new route, it was within the province of the Commission to determine from the proof which of the two applicants was best equipped to render the service needed, and as to whether the public convenience and necessity would be best served by the

granting of the certificate to the appellant, the first to apply therefor. There was ample evidence offered by each of the applicants to justify the Commission in deciding that question either way. Therefore, the courts would not be justified in such case to substitute their judgment for that of the Commission. Dixie Greyhound Lines v. Mississippi Public Service Commission, 190 Miss. 704, 200 So. 579; and Magee Truck Lines, Inc., v. Bond, 190 Miss. 428, 200 So. 586.

On the question of whether or not the action of the Commission was arbitrary and not supported by any substantial evidence, or was manifestly against the evidence, the proof not only disclosed without conflict that the people in the territory proposed to be served by the new route were badly in need of bus transportation for passengers, etc., but that the public convenience and necessity required that the transportation system of the appellant should be coupled up from Brooksville and Tupelo so as to better serve the territory in question. It already had certificate rights from Mobile, Alabama, to Brooksville, Mississippi, from Tupelo to Corinth, and from Tupelo it had a line extending west to Oxford and other points. From Gulfport, it had a line extending to Jackson and from there to Starkville, and other lines forming an important network for passenger transportation throughout the state. The immediate territory involved along the proposed new route was greatly in need of bus transportation to Mississippi-State College at Starkville, the M. S. C. W. at Columbus, and the University of Mississippi at Oxford. These institutions draw heavily from that territory for students, where they are visited by parents, relatives and friends, and, as heretofore stated, the people generally along the proposed route were in need of the transportation facilities offered. The proof on behalf of both applications clearly established the fact that the public convenience and necessity required the granting of a certificate to one of them, and we are of the opinion that the judgment of the Commission in

granting the certificate to the appellant should not be disturbed as being arbitrary, nor should its order denying the right of the appellee to duplicate the service on the link of highway between Starkville and Columbus and between Tupelo and Corinth have been reversed by the circuit court in the absence of proof in the record made before the Commission that the public convenience and necessity required such duplication. To have allowed such duplication, on the ground that a new and distinct type of service would be thereby afforded, would perhaps have been very beneficial to the interest of the appellee, and would to some extent have served the convenience of the public by furnishing more busses over the route, more convenient schedules and a possible reduction in railroad fare, but it cannot be said that the Commission acted arbitrarily in denying the application from the standpoint of both convenience and necessity. Moreover, if the Commission is required by judicial mandate to allow the inauguration of the proposed new type of service over the routes here involved, so as to duplicate the service now being rendered by the existing carrier, even though the proposed service may be supplementary thereto, the decision would constitute a precedent for allowing at least a duplication of the service now being rendered by existing certificated carriers by bus transportation over all routes paralleling lines of railway throughout the state, to the impairment of existing bus franchises, and contrary to the declared public policy contained in Chapter 142, Laws of 1938, as interpreted in the case of Dixie Greyhound Lines v. Public Service Commission et al., hereinbefore cited. Whether the railroads should have been given the preference and allowed to operate busses over the highways paralleling their lines of railway, through subsidiary bus companies, before any certificates of public convenience and necessity were ever issued to other motor bus transportation companies over these routes, was a legislative question and is not now a judicial one. An application to now be

granted such right comes too late, after the other bus companies have acquired their franchise rights over the routes, involving the investment of enormous sums of money in modern bus stations and transportation equipment, unless the Legislature should, acting within constitutional bounds as to due regard for existing franchise bus rights over such highways, amend the public policy heretofore declared by requiring the Commission to allow such duplication of service, without regard to its own judgment on conflicting evidence as to whether the public convenience and necessity so demands.

The order of the Commission from which the appeal was taken to the circuit court fully adjudicated the existence of all of the necessary conditions and requirements under Chapter 142, Laws of 1938, to entitle the appellant to the certificate over the proposed new route applied for, and it was unanimously adopted in the first instance and was thereafter adhered to upon an application for a rehearing, after a change in the personnel of the Commission. It was not necessary that the order denying the application of the appellee should have recited more than the fact that the rival application of the appellant had been granted over the proposed new route and that the duplication of certificate rights over the existing routes, as applied for by the appellee, was unjustified.

Finally, it is said that the action of the circuit court in reversing the judgment of the Commission was proper for the reason that there was not a full and fair hearing had before the Commission on the applications in that only one of the Commissioners was present at intervals during the hearing and only two of them at other times. This fact, however, does not appear from the record before us and no bill of exceptions was taken in regard thereto. Hence, we are unable to consider the point here on appeal.

From what we have said, it necessarily follows that

the judgment of the circuit court, whereby the order of the Public Service Commission was reversed and set aside, which had granted the application of the appellant over the proposed new route applied for from Brooksville to Tupelo and from Corinth to the Mississippi-Tennessee State Line, be reversed and that the judgment of the Commission be reinstated, and that said judgment of the circuit court, wherein it ordered and directed the Commission to issue the proper certificate to the appellee as applied for from Starkville to Columbus and from Mayhew to Corinth via Tupelo, must be likewise reversed; and that judgment be rendered here in favor of appellant on the issues involved.

Reversed and judgment here for the appellant.

**Alexander** and **Anderson, JJ.,** took no part in the decision of this case.