### BEASLEY v. UNITED STATES et al.
### No. 1993.

District Court, E. D. Missouri, E. D.

Oct. 27, 1942.

Halfpenny & Hahn, of Chicago, Ill., and Earl H. C. Lurkins, of St. Louis, Mo., for plaintiff.

Nelson Thomas, Atty., Interstate Commerce Commission, of Washington, D. C. for defendant Interstate Commerce Commission.

Robert L. Pierce, Sp. Asst. to the Atty. Gen. of Washington, D. C., for the United States.

Before JOHNSEN, Circuit Judge, and DAVIS and COLLET, District Judges.

COLLET, District Judge.

Because of the insufficiency of the evidence to establish the fact that plaintiff and his predecessors had continuously engaged in the transportation of commodities for hire over the routes applied for, subsequent to July 1, 1935, the Commission denied plaintiff's application for a certificate to so operate. The finding of the Commission being of a negative nature, an analysis of the evidence upon which it was based would require a résumé of the entire record. That is not deemed necessary to illustrate the theory upon which this court has reached the conclusions stated in the formal conclusions of law. It will be sufficient in that regard to observe that the testimony of plaintiff's witnesses was of a rather unsatisfactory nature. A large portion of the witnesses' testimony was given in answer to leading questions. The questions themselves in many instances were none too specific or explicit. While there is no suggestion of dishonesty involved, an examination of all of the testimony leaves a serious doubt as to whether the operations claimed to have been continuously carried on since July 1, 1935, were other than sporadic, occasional operations prompted by specific requests therefor. And an entirely reasonable conclusion from all of the evidence is that there was no established regular or systematic operation of the character plaintiff requests authority to continue.

The factual conclusion reached by the Commission being based as it is upon ample evidentiary justification, those factual conclusions must not be disturbed by the courts: "The courts will not review determinations of the Commission made within the scope of its powers or substitute their judgment for its findings and conclusions." United States v. New River Co., 265 U.S. 533, 542, 44 S.Ct. 610, 613, 68 L.Ed. 1165.

The so-called "grandfather" clause of Part II of the Interstate Commerce Act, 49 U.S.C.A. § 305, authorizes the granting of a certificate under that act only when it is clearly shown that the carrier was operating on July 1, 1935, in the manner in which it seeks authority to continue, and that such operation so conducted on July 1, 1935, was continued continuously thereafter. A denial of authority by the Commission must follow when sought under the "grandfather" clause in the absence of such finding. Hence, the finding of fact by the Commission that the plaintiff herein and his predecessors had not, subsequent to July 1, 1935, continued the operations for which he now seeks authorization, furnishes complete legal justification for the Commission's denial of his application.

Since the plaintiff specifically restricts the issues and presents the single issue that "The findings of the Commission are not supported by substantial evidence", the foregoing will sufficiently indicate the theory of this court in the determination of the issues presented in this cause.