GULF MOBILE & O. R. R. *et al. v.* LUTER MOTOR EXPRESS.

(Division B. March 15, 1943. Suggestion of Error Overruled April 26, 1943.)

[12 So. (2d) 420. No. 35189.]

Flowers, Brown & Hester and Robert Burns, Jr., all of Jackson, **Y. D. Lott, Jr.**, of Mobile, Ala., and **Jas. W. Wrape**, of Memphis, Tenn. for appellants.

Jacobson, Snow & Covington, of Meridian, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Mrs. C. M. Luter, doing business as the Luter Motor Express, filed her petition with the Mississippi Public Service Commission for a certificate of public convenience and necessity authorizing her to operate as a common carrier over two routes extending north from the City of Meridian. Appellants filed their several protests against the issuance of such certificate. Upon its first hearing, a certificate as a common carrier of commodities generally was granted, but upon appeal to this court the cause was reversed so as to allow applicant to adduce further proof if she should be so advised. 190 Miss. 523, 1 So. (2d) 231. It was rather definitely intimated therein that a certificate as a restricted carrier of certain specified products would have been the extent to which the certificate would be approved.

The evidence referred to in the former hearing as being available and alleged to be sufficient to authorize an unrestricted operation was thereupon presented to the commission, which overruled the several protests and granted certificate as common carrier of commodities generally over the designated routes. From the order of the circuit court affirming the commission's order, this appeal was taken.

We are not favorably impressed with the nature of the testimony adduced to establish a bona fide operation in compliance with the provisions of the so-called "grandfather clause," Section 8(a), Chapter 142, Laws 1938. Proof of such operations is ordinarily available through documents and records not only because these are definite and self-explanatory but also because the transportation of commodities is ordinarily inseparable from such evidences. Beasley v. United States, D. C., 47 F. Supp. 468. Numerous freight bills were introduced but these appear to have been those of the Luter Truck Lines, Inc., which had been indiscriminately and perhaps inadvisedly over-

stamped in the name of appellee. The ambiguities thus presented and any inferences therefrom, however, were for the appraisement of the commission and since they were supplemented by oral proof not inconsistent with its findings, we do not find sufficient basis for substituting our judgment for that of the commission. There is substantially more than a scintilla of evidence of a bona fide operation by appellee over the designated routes, and the case is not controlled by Magee Truck Lines v. Bond, 190 Miss. 428, 200 So. 586.

It would not be helpful to detail the evidence here for there is no fixed standard of bona fide operation, and each case must stand upon its own facts. Nor is it appropriate to set forth certain inconsistencies from which the commission may have deduced a lack of good faith. By eliminating shipments of cream and petroleum products under special contracts and disregarding interstate shipments, appellants have presented a plausible analysis showing a limited operation. Yet, the appellee's entire operations over the stated routes for a reasonable period surrounding January 1, 1938, furnish relevant data which, when supported by oral proof, makes out a case outside the area of our authority to interpose on the ground that there is no substantial evidence to support the finding of the commission.

Affirmed.

**Anderson, J.,** took no part in this decision.