SOUTHERN BUS LINES, INC. v. MISSISSIPPI PUBLIC SERVICE COMM., et al.

Division B. Jan. 22, 1951.

No. 37628 (50 So. (2d) 149)

Stevens & Cannada, for appellant.

608

610

P. F. Osborn and G. B. Herring, for appellee.

612

**Arrington, C.**

The appeal here is from the judgment of the Circuit Court of the First Judicial District of Hinds County, which affirmed an order of the Mississippi Public Service Commission granting to the appellee, Gulf Transport Company, a certificate of public convenience and necessity, with certain restrictions to operate as a com-

mon carrier of passengers, baggage, and light express over U. S. Highway 80, between Newton and Jackson, Mississippi.

The Gulf Transport Company operates as a motor carrier in the State of Mississippi from the Tennessee line on Highway 15 through New Albany, Pontotoc, Houston, Mathiston, Ackerman, Louisville, Philadelphia, Newton, Bay Springs, Laurel, Lucedale, thence to Pascagoula and Mobile, Alabama. It also operates the following routes: From Kosciusko on Highway 35 to Forest, Raleigh, thence to Bay Springs, where it connects with its main line; from Philadelphia to Meridian to the Alabama line; from Hattiesburg to Beaumont; and from Jackson through Crystal Springs, Monticello, and Tylertown into the State of Louisiana.

The application of the Gulf Transport Company seeks certificate rights to operate between Newton, Mississippi, and Jackson, Mississippi, over U. S. Highway 80, and return over the same route, serving all intermediate points, except no local passengers will be handled between Newton and Jackson, Mississippi, and intermediate points. This is commonly called a closed door operation. The purpose of seeking a certificate of public convenience and necessity as stated by the Gulf Transport Company is: "The applicant recognizes that Southern Bus Lines, Inc., holds a certificate of public convenience and necessity as a common carrier of passengers over U. S. Highway 80 between Jackson and Newton, and this application is not for the purpose of duplicating the local service between these points. The applicant operates as a common carrier of passengers on Mississippi Highway 15 from the Tennessee line to the Alabama line through Newton, Mississippi, and also to Bay Springs, Raleigh, Carthage, and Kosciusko, through Forest, Mississippi. Applicant also operates south from Jackson to the Louisiana line. The main purpose of the application is to give a better service to the public from points on the present lines of the applicant to and from Jackson,

Mississippi, to give the applicant access to Jackson, and to connect the operations of applicant in East Mississippi with its line running south from Jackson, all in the interest of public convenience and necessity.''

The appellant, Southern Bus Lines, Inc. who now holds a certificate of public convenience and necessity over the route involved from Newton to Jackson, Mississippi, filed a protest to the granting of the requested application. At the conclusion of the hearing the Commission granted the requested application, the order reading in part as follows: ''It is, therefore, ordered That the applicant be, and the same is hereby, granted authority to operate as a common carrier by motor vehicle of passengers, baggage and light express between Newton and Jackson, Mississippi, over U. S. Highway 80 and return over the same route, serving all intermediate points; provided, however, that on its westbound schedules applicant may not pick up any passengers, light express or baggage at any point on U. S. Highway 80, except interchange passengers, light express and baggage from its own lines at Forest and Newton, Mississippi, and provided, further, that on its eastbound schedules applicant may not pick up any passengers, light express and baggage at any point on U. S. Highway 80 east of Jackson, (but not including Jackson) except interchange passengers, light express and baggage from its own lines at Forest and Newton, Mississippi, and on said eastbound schedules, may not discharge any passengers, light express or baggage at any point on U. S. Highway 80 except interchange passengers for its own lines at Forest and Newton, Mississippi, and passengers, light express and baggage originating at points on its own line beyond Crystal Springs, Mississippi.''

Eighteen witnesses testified in support of the application, likewise eighteen witnesses testified for the protestant against the application. In addition to these witnesses, the president and vice-president and traffic manager of the Gulf Transport Company all testified for the

Gulf. The traffic manager of the appellant testified in opposition thereto. A large number of witnesses who testified for the applicant had not ridden a bus in a long time. Some of these witnesses testified that they did not ride a bus, and would continue to use their automobiles. A number of these witnesses testified that they were not familiar with the schedules of the respective bus lines with reference to interchanges in reaching the City of Jackson, Mississippi.

The substance of the testimony of the witnesses for the applicant was that the proposed service of the Gulf Transport Company would be a convenience, that it would be an improvement over the present schedule, and that they preferred a bus with direct service to Jackson without change. The proposed service by Gulf was that they would operate two round trips a day into Jackson from the north, using U. S. Highway 80 from Newton into Jackson, and would operate two round trips a day from the south, using U. S. Highway 80 from Forest into Jackson.

The appellant's lines traverse the State of Mississippi, serving, especially, east Mississippi. Its lines connect with the routes of appellee, Gulf Transport Company, at Pontotoc, Houston, Mathiston, Ackerman, Philadelphia, Newton, Forest, Raleigh, Laurel, Meridian, Hattiesburg, Kosciusko, and Carthage. The eighteen witnesses who testified for the appellant, and who live in the towns and vicinities heretofore named, testified that the service rendered by the appellant was adequate and satisfactory, and in their opinions there was no need for the new service as proposed by the Gulf Transport Company. The traffic manager of the appellant testified that the appellant operated ten schedules a day each way between Jackson and Newton, that there had been no complaint made to the Company or to the Public Service Commission with reference to the service furnished by it from Newton to Jackson or any of the other interchange or junction points. The appellant also offered to add any

additional buses needed over the route involved. In addition to this, the appellant offered to place a special bus at Newton for the sole purpose of transporting Gulf's passengers into the City of Jackson. That the appellant was giving good service between Newton and Jackson was not contradicted.

From a careful study of the testimony and the exhibits filed herein, ██ we are of the opinion that there is no substantial evidence to support the order of the Public Service Commission, that it is manifestly against the evidence and contrary to the law. We have examined the large number of authorities citied by the respective parties and find that the applicable principle of law involved here is well-settled by our Court. The sole question involved in this case is a question of a duplication of certificate rights. This case is controlled by the following cases in which the Mississippi Motor Carrier Regulatory Act, Chapter 142, Laws of 1938, Chapter 4, Title 28, Vol. 6, Miss. Code of 1942, was before the Court. Dixie Greyhound Lines, Inc., v. Mississippi Public Service Commission, 190 Miss. 704, 200 So. 579, 1 So. (2d) 489; Tri-State Transit Co. of La. v. Mobile & Ohio Transp. Co., 191 Miss. 364, 2 So. (2d) 845; Tri-State Transit Co. of La., Inc. v. Dixie Greyhound Lines, Inc., 197 Miss. 37, 19 So. (2d) 441; Tri-State Transit Co. of La., Inc., v. Gulf Transport Co., 201 Miss. 744, 29 So. (2d) 825.

Without entering into a discussion of these authorities, which we deem unnecessary, the Court, in construing the provisions of the Regulatory Act, held that ██ a duplicate certificate of public convenience and necessity should not be granted to another motor carrier over a route served by another carrier where such carrier was rendering adequate service. The Court, in Tri-State Transit Co. of La., Inc., v. Dixie Greyhound Lines, Inc., supra, said: "The rule is, and we find no authority to the contrary, that a certificate should not be granted where there is existing adequate service over the route applied for, and, if inadequate, unless the

existing carrier has been given an opportunity to furnish such additional service as may be required. Chicago Rys. Co. v. Commerce Commission ex rel. Chicago Motor Coach Co., 336 Ill. 51, 167 N. E. 840, 67 A. L. R. 938, and authorities in the annotations. Dixie Greyhound Lines, Inc., v. Mississippi Public Service Commission, 190 Miss. 704, 200 So. 579, 1 So. (2d) 489, does not hold to the contrary.'' [197 Miss. 37, 19 So. (2d) 444.]

The Court answered the main contentions of the appellee which are raised on this appeal in a case which is similar in many respects to the instant case, Tri-State Transit Company of La., Inc. v. Gulf Transport Co., supra. The Tri-State Transit Co. of La. was the predecessor Company to the appellant here. In that case the appellee, in addition to other routes, was asking for a certificate from Forest to Jackson, Mississippi, over U. S. Highway 80, with closed doors.

In the recent case of Dixie Greyhound Lines, Inc., v. American Bus Lines, Inc., Miss., 48 So. (2d) 584, the Court reaffirmed the rule as announced in the cases cited.

The judgment of the Circuit Court will be reversed and the application dismissed.

Reversed and judgment here for the appellant.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, judgment of the Circuit Court is reversed and judgment rendered here for the appellant.