Cobb Bros. Const. Co. *v.* Gulf, M. & O. R. Co., et al.

Mar. 17, 1952.

No. 38225 (57 So. (2d) 570)

Dudley W. Conner, for appellant.

Y. D. Lott, Jr., and G. B. Herring, for appellees.

## Hall, J.

This suit was commenced by appellant by a petition before the Mississippi Public Service Commission against Gulf, Mobile & Ohio Railroad Company, and Columbus & Greenville Railway Company seeking a refund of a part of the freight charged on a shipment of fifteen cars of sand and gravel from Columbus, Mississippi, to appellant at Union, Mississippi, in September 1949. The rate

charged was $1.40 per ton and appellant claims that the rate should have been $1.10 per ton. The Public Service Commission denied the relief sought by the petition, and upon appeal to the Circuit Court of Hinds County that court affirmed the action of the Commission, and the case is brought here on appeal from that affirmance.

At the threshold of our consideration we must recognize that the findings of the Commission are prima facie correct and we cannot substitute our judgment for that of the Commission and disturb its findings where there is any substantial basis in the evidence to support its finding or where its ruling is not capricious or arbitrary or manifestly against the evidence. Tri-State Transit Company of Louisiana, Inc. v. Dixie Greyhound Lines, Inc., 197 Miss. 37, 19 So. (2d) 441; Tri-State Transit Company v. Mobile & Ohio Transportation Company, 191 Miss. 364, 2 So. (2d) 845; Gulf, Mobile & Ohio Railroad Company v. Luter Motor Express Company, 194 Miss. 407, 12 So. (2d) 420.

The evidence before the Commission discloses that on May 4, 1949, the Commission fixed and established a special rate of $1.10 per ton for the transportation of sand and gravel from Columbus to Meridian, a distance of 98 miles over the direct line of Gulf, Mobile & Ohio between said points. In the same order of the Commission the same rate was fixed from Hattiesburg to Meridian, a distance of 85 miles, and the same rate from Richton to Meridian. The evidence shows that Meridian is a large market for sand and gravel by reason of considerable building construction and a concrete-mix operation at that point. It further shows that until the rates were stabilized on these shipments to Meridian there was a constant price war between competing carriers, shipments from Hattiesburg to Meridian being over the line of Southern Railway, which company had progressively reduced its rate to as low as 70 cents per ton and had finally leveled it off at 90 cents per ton. The record further shows that on intrastate shipments over a single

line for a distance of more than 100 and less than 125 miles the Commission had fixed a rate of $1.30 per ton and for the same distance over joint lines the rate was fixed at $1.40 per ton. The shipment involved in this case was for a distance of 107 miles, which is the shortest possible distance between Columbus and Union, the shipment moving over Columbus & Greenville Railway from Columbus to Mathiston and thence over Gulf, Mobile & Ohio Railroad to Union. The record shows that Union is a small town where there is no extensive use of sand and gravel, except on occasional road building projects, and that it is not a competitive point served by different carriers such as Meridian, the circumstances and situation of the two points being entirely different.

Appellant contends that since Gulf, Mobile & Ohio owns and operates a line from Union to Meridian the haul from Columbus to Union is shorter than the haul from Columbus to Meridian over the circuitous route, regardless of the fact that the shortest distance to Meridian is 98 miles over the direct route and the shortest distance to Union is 107 miles, and appellant relies upon the provisions of Section 7867, Code of 1942, the applicable portion of which is: "If any railroad shall, for its advantage, or for the advantage of a connecting line, or for that of any person, locality, or corporation, make any discrimination in transportation against any person, locality, or corporation, *unless authorized by the commission*; or if any railroad company shall charge more for a short haul than for a long one, under substantially similar circumstances and conditions, *without the sanction of the commission,* such person or corporation, in either case, shall be guilty of extortion, and may be punished therefor criminally, besides being liable civilly." (Emphasis supplied.)

According to the record here the Commission has fixed the rate for the 107 mile haul from Columbus to Union at $1.40 per ton and consequently the statute has no application since the charge made by appellees has been

authorized and sanctioned by the Commission. There is no showing or presumption that the action of the Commission was without substantial basis or that its ruling is capricious or arbitrary or manifestly against the evidence in fixing the rate at $1.40 for the 107 mile haul over two lines as against the rate of $1.10 for the direct haul of 98 miles over a single line to Meridian. Moreover, the record shows without dispute that the entire rate structure between points in this State would be broken down if the contention of appellant were upheld and made applicable to circuitous routes. The judgment of the circuit court will accordingly be affirmed.

Affirmed.

McGehee, C. J., and Lee, Arrington and Ethridge, JJ., concur.