F. & W. Express, Inc. *v.* Delta Motor Line, Inc., et al.

No. 39502          April 4, 1955          78 So. 2d 887

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*Waits & Waits,* Leland; *Butler, Snow, O'Mara, Stevens & Cannada; Byrd, Wise & Smith,* Jackson, for appellees.

ARRINGTON, J.

F. & W. Express, Inc., appellant, filed an application with the Public Service Commission of Mississippi, seeking a certificate of public convenience and necessity to permit its operation as a common carrier of property by motor vehicles in intrastate commerce over U. S. Highway 49 from Jackson, Mississippi to Yazoo City, thence over U. S. Highway 49W to Indianola, and return. Delta Motor Line, Inc., Cook Truck Lines, Inc., and the Illinois Central Railroad Company, hereinafter referred to as appellees, protested the proposed certificate.

On April 2, 1953 the Public Service Commission entered a final order granting and approving the duplicate certificate requested by F. & W. Express, Inc. Appellees appealed to the Circuit Court of the First Judicial District of Hinds County, wherein the order of

the Public Service Commission was reversed and set aside.

Without setting forth the evidence in detail, suffice it to say that F. & W. Express, Inc., operating out of Memphis, Tennessee, served a number of towns in the northwestern part of the State of Mississippi, and sought the certificate here in question in order to connect its established routes with Jackson, Mississippi. Appellees, for some period of time, have provided service over the territory which F. & W. Express, Inc. sought to serve.

It is the well settled law in Mississippi that a certificate of public convenience and necessity shall not be granted a carrier where there is existing adequate service over the route applied for, and, that if inadequate service is being rendered, not until the carrier or carriers operating over the route have been given an opportunity to furnish such additional services as may be reasonably required. This rule was first laid down in 1944 in Tri-State Transit Co. of La. v. Dixie Greyhound Lines, Inc., 197 Miss. 37, 19 So. 2d 441, and has been consistently followed. Dixie Greyhound Lines v. American Bus Lines, 209 Miss. 874, 48 So. 2d 584; Southern Bus Lines v. Mississippi Public Service Commission, 210 Miss. 606, 50 So. 2d 149; Campbell Sixty-Six Express, Inc. v. Delta Motor Line, Inc., 218 Miss. 198, 67 So. 2d 252; West Bros., Inc. v. H. & L. Delivery Service, (Miss.) 70 So. 2d 870. (The last two decisions cited above have been decided by this Court since the granting of the certificate in the instant case.)

The circuit court correctly held that the record clearly shows that no notice was given appellees by the Public Service Commission to improve their services. This is admitted. Under the law of this State, a certificate such as is here sought cannot be issued until such notice is given and the interested parties given an opportunity to furnish such additional services as may reasonably be required. This rule was made abundantly clear in West Bros. Inc., v. H. & L. Delivery Service, supra, where it

was manifest that inadequate services were being rendered, but which held that the duplicate certificate was improperly issued by the Public Service Commission on the ground that no notice of inadequate service and opportunity to improve said service had been given.

The Commission, in conformity with the established rule of law, should have given appellees a reasonable time within which to furnish such additional or improved services as may reasonably be required before issuing the duplicate certificate to F. & W. Express, Inc.

Affirmed.

*Roberds, P. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.