SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY v. NATIONAL BUREAU OF CASUALTY UNDERWRITERS, et al.

No. 43828          December 17, 1965          181 So. 2d 154

*Hedgepeth, Price & Hedgepeth,* Jackson, for appellant.

448

*John H. Reid,* New York; *Watkins & Eager,* Jackson, for appellee.

SMITH, J.

As provided by Mississippi Code Annotated section 5834-10 (1956), appellant, Southern Farm Bureau Casualty Insurance Company, filed its request with the Mississippi Insurance Commission for a formal, recorded hearing for the purpose of seeking reversal of prior orders of the Commission approving certain rate filings

under a private passenger automobile classification system submitted by appellees, National Bureau of Casualty Underwriters and National Automobile Underwriters Association.

Southern Farm is a company writing automobile casualty insurance and operates in six states, including Mississippi. National Bureau of Casualty Underwriters and National Automobile Underwriters Association are both non-profit membership associations organized under the laws of New York and operating within the State of Mississippi as rating organizations under Mississippi Code Annotated section 5834-01 (1956), known as the Casualty Rating Law of 1946.

National Bureau of Casualty Underwriters is a rating organization and statistical agency for the rating and classifying of public liability insurance on automobiles. National Automobile Underwriters Association is a similar organization for the rating and classifying of automobile physical damage insurance. These organizations file rates for most of the stock insurance companies in practically every state. They are licensed in Mississippi and act as rating organizations for most of the stock companies in this state.

Southern Farm is an independent casualty insurance company which is not a member of either National Bureau of Casualty Underwriters or National Automobile Underwriters Association and which does not file its statistical experience with either of those organizations. It makes its own rate filings with the Commission. Their respective filings, which are in controversy here, were approved by the Commission on November 17, 1955, and July 24, 1964.

This appeal involves the action of the Mississippi Insurance Commission in approving these filings of automobile casualty insurance rates made for their respective member and subscribing companies by appellees, National Bureau of Casualty Underwriters and National

Automobile Underwriters Association. Southern Farm is not a member or subscriber of either association.

The Commission granted the request of Southern Farm for a formal, recorded hearing which was duly held. Three witnesses, including two experienced actuaries, testified before the Commission in support of the filings. Southern Farm offered only one witness, its own executive vice president, who testified, upon the basis of the experience of his company operating in six states, to the effect that the rates were inadequate and arbitrary.

The witnesses for each side also submitted voluminous data in support of their respective views.

At the conclusion of the hearing, the Commission found, among other things, "from the evidence that the filings of National Bureau Casualty Underwriters and National Automobile Underwriters Association heretofore approved by the Commission as hereinabove shown are amply supported by the proof and that same are reasonable, adequate and not unfairly discriminatory, and that said filings should be approved and the prior orders hereinabove mentioned should be ratified, confirmed and affirmed in each and every part thereof."

Upon that basis of factual finding, the Commission ordered that the controverted filings of National Bureau of Casualty Underwriters and National Automobile Underwriters Association be approved and the prior orders of the Commission approving the same "were ratified, confirmed and affirmed in each and every part thereof."

From that final order, Southern Farm was granted an appeal to the Circuit Court of the First Judicial District of Hinds County.

After a "full review of the record made in this cause before the Insurance Commission and the briefs submitted", the circuit court found that there was substantial evidence supporting the Commission's order, and that the judgment of the reviewing court could not

be substituted for that of the Commission since there was substantial evidence supporting the Commission's findings. Upon that basis, the court affirmed the order of the Insurance Commission.

From that judgment of affirmance, Southern Farm has appealed here.

It would serve no useful purpose to set out in detail the evidence upon which the Commission based its findings. Suffice it to say that these findings were based upon and supported by substantial evidence.

██ █ In reviewing decisions of administrative bodies, such as the Insurance Commission, created by the legislature and empowered to make factual determinations in administering laws relating to particular specialized fields, this Court has long adhered to the rule that the reviewing court will not substitute its judgment for that of the administrative body nor disturb its findings where there is substantial evidence to support such findings and the ruling is not capricious, arbitrary nor manifestly against the weight of the evidence. Southern Bell Tel. & Tel. Co. v. Mississippi Pub. Serv. Comm'n., 237 Miss. 157, 113 So. 2d 622 (1959); Citizens of Stringer v. G. M. & O. R. R. Co., 229 Miss. 1, 90 So. 2d 25 (1956); West Bros., Inc. v. Illinois Cent. R. R. Co., 222 Miss. 335, 75 So. 2d 723 (1954); and Cobb Bros. Const. Co. v. G. M. & O. R. R. Co., 213 Miss. 706, 57 So. 2d 570 (1952).

██ █ We have carefully reviewed the record in the case now before the Court, and find that the ruling of the Insurance Commission was supported by substantial evidence. It is neither unconstitutional, capricious, arbitrary, unreasonable, nor manifestly against the weight of the evidence, and must be affirmed under the rule announced in the above cases.

Prior to the submission of the case, appellees filed a motion to dismiss the appeal, or, in the alternative, to strike appellant's reply brief upon the ground that

it violated Miss. Rules No. 7(c) which provides in part as follows:

(c) Appellant's original and rebuttal briefs together shall not exceed fifty (50) pages, and appellee's brief shall not exceed fifty (50) pages. . . .

Appellant's original brief contained fifty-two numbered and two unnumbered pages, for a total of fifty-four pages. Notwithstanding the fact that its original brief contained more pages than the rule permits, a rebuttal brief containing twenty-eight pages (fourteen numbered pages and fourteen unnumbered pages) was filed by appellant.

In 5 C. J. S. *Appeal* & *Error* section 1316 (1958), it is stated:

The rules and regulations specifying the requirements for briefs are liberally construed, and a technical violation thereof will not prevent a consideration of the appeal. However, the rules cannot be ignored or entirely disregarded, and, although a good faith attempt and substantial compliance with the rules relative to briefing is sufficient, such a good faith attempt and substantial compliance is necessary to insure consideration of the appeal, unless in the particular type of case appellant is exempted by statute from the necessity of filing a brief. (*Id.* at 239-40)

. . .

Where the brief totally or substantially fails to comply with the rules the court is authorized, according as the rules and statutes in the different jurisdictions permit, to strike the brief and require a proper brief to be prepared and filed, or to disregard the improper portions of the brief, and determine the case on any questions presented by the remaining portion thereof; or to refuse to consider the brief; to regard the errors assigned as waived, or to affirm the judgment; or to dismiss the appeal. . . . (*Id.* at 242-43)

██ ██ Of course, in a proper case, upon timely application and a showing of a reasonable necessity therefor, leave of the court may be obtained to file briefs extending beyond fifty (50) pages. Here no application was made. Although we adhere to the rule that the requirements for briefs will be liberally construed, this does not extend to a case, such as we have here, where the rule has been ignored and disregarded.

The motion to strike the reply brief is sustained.

Affirmed.

*Ethridge, P. J., and Rodgers, Brady and Jones, JJ.,* concur.