SMITH, Presiding Justice,
for the Court:
The present proceedings were begun in 1972 before the Public Service Commission by Rebel Motor Freight, Inc., a Tennessee Corporation, appellant here, with the filing of its petition for a certificate of public convenience and necessity authorizing it to operate as a motor vehicle common carrier of freight over specified routes and in designated areas under “the provisions of the Motor Vehicle Carrier Regulatory Act of 1938, as amended,” and by “rules and regulations adopted by the Commission.”
Appellees, Shippers Express, Merchants Truck Line, Inc., and J. & G. Express were named in Rebel’s petition as “existing qualified motor . . . carriers serving the *448 route or territory proposed to be served (by Rebel) . . . that will be effective [sic] by proposed service.”
Rebel’s application lay dormant from 1972 until 1976, when it was revived, and a date was set by the Commission for a hearing upon it. Formal notice was given ap-pellees that they might file objections to the granting of the certificate to Rebel. The notice contained no specification of alleged inadequacies in the service being rendered by appellees under their existing certificates. Appellees responded, objecting to the certification of Rebel, and set up, among other things, that each of them currently possessed a certificate of authority to operate as a motor truck common carrier of freight over parts of the routes and areas specified in Rebel’s application, and that they specifically relied upon the Tri-State Transit rule, asserting that the existing service, presently being provided by them, was reasonably adequate to meet any alleged need; that they had been notified of no alleged deficiency in such service, that they were entitled to appropriate notification of any such alleged deficiency and to a reasonable opportunity to remedy it before any new certificate for services might be authorized between the points and in the areas set out in Rebel’s application.
After several delays, the Commission heard the matter and granted Rebel’s application, subject only to certain restrictions, and Shippers Express, Merchants Truck Line and J. & G. Express appealed to the Circuit Court of Hinds County. The circuit court, after a hearing, reversed the Commission and remanded the case for further proceedings. The circuit court judge found that Shippers Express, Merchants Truck Line and J. & G. Express were duly certificated common carriers of freight by motor truck, authorized to operate over routes and in areas sought to be served by Rebel under the application. The judge found that proof heard by the Commission had established that no complaint had been filed with the Commission of the services being rendered under the existing certificates held by appellees, and that there was no substantial evidence that such services were inadequate. In reversing the Commission’s order, however, the judge, in deference to what he termed the Commission’s “expertise” in such matters, did not base his action upon the question of whether there had been substantial evidence to support a finding by the Commission that existing services were inadequate. He held that the Commission had failed to comply with or follow what is known as the Tri-State Transit rule laid down by this Court in Tri-State Transit Co. of Louisiana, Inc. v. Dixie Greyhound Lines, Inc., 197 Miss. 37, 19 So.2d 441 (1944). Under the so-called Tri-State Transit rule, upon a finding by the Commission in a case such as this, that existing services by a certificated carrier are inadequate, reasonable notice of such inadequacy must be given to such carrier by the Commission, stating the nature of the inadequacy which it had found to exist, and granting a reasonable opportunity for the correction of such inadequacy. The court found that the Commission had failed to follow and had wholly ignored the Tri-State Transit rule, that the rule controls in this case, necessitating a reversal and remand. The court pointed out that the rule — laid down by this Court in 1944 — has not since been abrogated, changed or amended by the Mississippi Legislature, and that it has been consistently followed since 1944 in the cases decided by this Court dealing with the subject. See: Dixie Greyhound Lines v. American Buslines, 209 Miss. 874, 48 So.2d 584 (1950); Southern Bus Lines v. Mississippi Public Service Commission, 210 Miss. 606, 50 So.2d 149 (1951); Campbell Sixty-Six Express, Inc. v. Delta Motor Line, 218 Miss. 198, 67 So.2d 252 (1953); West Brothers, Inc. v. H & L Delivery Service, 220 Miss. 323, 70 So.2d 870 (1954); F & W Express, Inc. v. Delta Motor Line, Inc., 223 Miss. 726, 78 So.2d 887 (1955); Garrett v. Delta Motor Line, Inc., 224 Miss. 559, 82 So.2d 577 (1955).
The rule, the circuit court judge held, requires a two-step procedure before the Commission may grant a new certificate authorizing an additional carrier on existing certificated routes. The Commis *449 sion found, in general terms, that existing service was inadequate, without specifying in what respect it was inadequate and without affording the existing certificated carriers an opportunity to correct such inadequacy as the Commission may have found existed in their service.
On appeal here from the judgment of the circuit court, reversing and remanding the case to the Commission for proceedings in accordance with the Tri-State Transit rule, the principal contention of Rebel is that the Tri-State Transit rule does not apply under the facts here, but if it does, the rule is outmoded and antiquated and should be abandoned, or, if not totally abandoned, it should be substantially altered so as not to require that the carrier allegedly rendering inadequate service be given an opportunity to remedy such inadequacy before a new certificate may be granted to another carrier authorizing it to serve the presently existing certificated routes.
We have carefully considered the arguments advanced by Rebel and have concluded that the result reached by the circuit court was correct. The Tri-State Transit rule has been in existence since 1944, there has been no material or substantial change in the applicable statutes since then, and the rule has been followed consistently by this Court in each of the eases, cited above, decided subsequently by this Court in which the question has been involved. The circuit court was correct in reversing the Commission for failure to follow the Tri-State Transit rule.
ON CROSS-APPEAL. Appellees have cross-appealed, contending on cross-appeal that, while the circuit court correctly reversed the Commission, it was error to remand for further proceedings. They argue that there was no substantial evidence of inadequacy of service on the part of cross-appellants, the presently certificated carriers, and that Rebel’s petition should be denied here.
The evidence offered by Rebel, ostensibly directed toward establishing inadequacy of service by the certificated carriers, consisted, in the main, of. the testimony of witnesses who related one or more instances in which the witness had not received or been unable to obtain some desired service. None of the witnesses had considered his complaint of sufficient gravity to report it to the Commission. The “inadequacies” themselves, if they can be so termed, do not appear to be of a continuing kind, and either are such as may not reasonably be expected to recur, or which are capable of correction.
Questions of fact are, of course, for the Commission and, as stated by the circuit court judge, the Commission will be considered to possess a certain amount of expertise in passing upon factual questions in matters of this kind. While the evidence of inadequacy in this case is not strong, nevertheless we have concluded that the ends of justice will be better served by a remand to the Commission for a further hearing and proceedings according to the Tri-State Transit rule.
The cross-appeal will be dismissed without prejudice.
The action of the circuit court in reversing the order of the Commission granting the certificate to Rebel and in remanding the case to the Commission for further proceedings in keeping with the requirements of the Tri-State Transit rule, is affirmed. Having reached the conclusion that the case must be remanded to the Commission on all issues because of the total departure from the procedure required by the Tri-State Transit rule, the cross-appeal is dismissed without prejudice.
AFFIRMED ON DIRECT APPEAL. CROSS-APPEAL DISMISSED WITHOUT PREJUDICE, AND THE CASE REMANDED TO THE MISSISSIPPI PUBLIC SERVICE COMMISSION.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.